## Candler *against* Dinkle.

"I give and bequeath unto C. and to her heirs and assigns, all my personal estate whatsoever; and after her death, if so much of my personal estate shall be left as will make up 300 pounds, I give and bequeath to D., and to his heirs and assigns two-thirds of said sum; and in case of a lesser sum than the said 300 pounds, two-thirds thereof; and the last equal third part of the said 300 pounds, or less sum, I give and bequeath unto K. and to his heirs and assigns." *Held* to be a vested legacy in D. and K., which, in the event of their death before C., is transmissible to their personal representatives.

ERROR to the district court of *York* county.

This was an action of debt by the administrator of Peter Dinkle, against the executor of Catherine Candler, to recover a legacy under the will of David Candler deceased, in which these facts appeared. David Candler made his will, a part of which was as follows:

"I also give and bequeath unto my aforesaid wife Catherine, and to her heirs and assigns, all my personal estate whatsoever; and after her death, if so much of my personal estate shall be left as will make up 300 pounds, that then and in such case, I give and bequeath unto my respected brother-in-law Peter Dinkle, and to his heirs and assigns, two-thirds of the said sum; and in case of a lesser sum than the said 300 pounds, two-thirds thereof; and the last equal third sum of the said 300 pounds, or less sum, I give and bequeath unto my respected friend and nephew Peter Kurtz, and to his heirs and assigns. And lastly, I do hereby nominate and appoint, &c."

Peter Dinkle died, leaving Catherine Candler surviving him; and the only question which arose in the cause was, whether the legacy to Peter Dinkle, under the will of David Candler, was vested or contingent. The court below (Durkee, president) was of opinion, that the legacy was vested; and rendered a judgment for the plaintiff.

*Barnitz*, for plaintiff in error, cited, King *v.* Crawford, 17 *Serg. & Rawle* 118.

*Evans*, contra, cited, 5 *Ves.* 509; 8 *Com. Dig.* 503; 4 *Bac. Ab.* 394, 395, 396, *tit. Legacy;* 1 *Ves.* 207; 2 *Atk.* 311; 1 *Ves.* 217.

[Candler v. Dinkle.]

The opinion of the Court was delivered by

Rogers, J.—Whether this is a lapsed legacy depends on a distinction now firmly engrafted into the common law, but introduced, as is said, by lord Cowper, upon very slender reasons, and probably upon no other but a constant willingness in the civil law to stretch in favour of a particular legatee against the residuary legatee, who went away with the whole surplus of the personal estate. The rule is this: if a legacy be given to one generally, to be paid, or payable at the age of twenty-one, or any other age, and the legatee die before that age, yet this is such an interest vested in the legatee, that it shall go to his executor or administrator ; for it is *debitum in presenti,* though *solvendum in futuro,* the time being annexed to the payment, and not to the legacy itself : but if a legacy be bequeathed to one at twenty-one, and the legatee die before that age, the legacy is lapsed. The difficulty arises in the application of the distinction. In illustration of the rule, many cases have been ruled, most of which are collected in 4 *Bac. Ab., tit. Legacies,* 393 ; and some of which are very like the present.

T. C. bequeathed his personal property to his wife, for her life, and gave several particular legacies, after her death ; and then declared that the residue, at her decease, and after the legacies paid, should be divided between his relations A, B, C, D. A and B died in the lifetime of the wife, and after her decease the administrator of A and B had a decree for their shares; for, by lord Talbot, the time of payment was future, but her right to the legacies vested upon the death of the testator. Corbet *v.* Palmer, 2 *Equity Cases Ab., tit. Legacies.*

T. S. bequeathed stock to A for life, and after her decease to B and C, in equal moieties ; and in case of the death of either in the life of A, the whole to the survivor of them living at her decease. Both of them died during A's life. It was holden they took a vested interest as tenants in common, subject to be divested only on the contingency expressed ; and as that did not take place, the representatives of both were entitled. Smithe *v.* Willard, 4 *Bac. Ab.* 395.

Bequest to A of interest and dividends of personal property for life, and then to be equally divided among his three children, or such of them as shall be living at her death. The children all died in the lifetime of the tenant for life. It was held that they took a vested interest, transmissible to their representatives. 2 *Bridg. Dig.* 195.

The cases cited differ from this in one particular : that the legacies are not given to Catherine, the wife of the testator, expressly for life. It nevertheless appears to be his intention that she should have the uncontrolled use of it during life ; and that the residue, after these purposes were answered, should go over. The phraseology of the testator then and in such case does not denote the time when the legacy shall vest in interest, but in possession, and became necessary, from the uncertainty of the amount of the testator's personal property, or the impossibility of ascertaining what might

[Candler v. Dinkle.]

remain after administering to the necessities of his widow, who was the principal object of his bounty. She was to use and enjoy all his personal property during her life, without stint or question; the residue only was to go over to Dinkle and Kurtz. And this construction is strengthened by the clause in relation to Kurtz, which is an immediate bequest to him.

A doubt has been suggested by the case of Maddison *v.* Andrews, 1 *Ves.* 57, whether this legacy was vested or contingent. A vested legacy, immediately, on the death of the testator, attaches as a debt upon his real or personal estate; whereas a contingent legacy does not attach upon either till the contingency happens. In the first case, the legacy is *debitum in præsenti solvendum in futuro;* but when the legacy is merely contingent, *non constat,* whether under the will the fund will ever be charged with it. Keily *v.* Marsh, 2 *Bridg.* 187. In Maddison *v.* Andrews it is said, that a legacy to be paid at a future day is vested, but not where the sum is uncertain. But in that case the uncertainty arose from the non execution of a power of appointment given to the widow of the testator, and for that reason was held such an uncertainty as would prevent any interest from vesting. There is no case, says Lord Hardwicke, where courts have held a legacy, or interest therein, vested, when the certainty of the sum could not be said (as it could not be in the case of Maddison *v.* Andrews, for the reason stated) at the death of the father; so that it was contingent, and suspended until the execution of the power or till it was at an end. The mother, to whom the power of appointment had been given by the will, not having executed the power given by the husband, the legacy to the daughter was held to be contingent, and not vested. Restrained as it is by the circumstances of the case, there can be no valid objection to the principle; but in this case there is no such contingency. If any thing remains at the death of Catherine, the residue is distributed in the proportion of two-thirds to Dinkle, and one-third to Kurtz; not, however, to exceed the sum of 300 pounds. We are therefore of the opinion that this was an executory devise of all the personal estate to Catherine, with a vested legacy to Dinkle and Kurtz, and as such transmissible to representatives, of the residue of the personal estate remaining at her death, not exceeding the sum of 300 pounds.

Judgment affirmed.