# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

JENNET DUCKER *et al. v.* JAMES K. BURNHAM *et al.*

and

JENNET DUCKER *et al. v.* CHARLES K. MARSHALL *et al.*

and

JENNET DUCKER *et al. v.* THE WEAR & BOOGHER DRY GOODS CO.

*Filed at Ottawa June 19, 1893.*

1. WILL—*when remainder is subject to levy and sale before death of life tenant.* A testator bequeathed $2000 to each of his five children by name, and gave and devised to his wife the use of all the rest of his estate for her natural life, with full power to sell and dispose of and convey all such estate and to invest the proceeds thereof in any other form she might think advisable, giving her the right to use and exhaust such part of the principal of his estate as she might at any time think necessary for her support and maintenance. After the wife's death the remaining part of the estate was to be equally divided between his five children, and in case of the death of any of said children without issue, either before the testator's death or before receiving either of the portions above given to him or her, the will directed that the share of such child should be equally divided among the surviving children: *Held,* that the children of the testator took such an interest in his lands as was subject to levy and sale before the death of the widow.

2. Same — *power of disposition in life tenant construed.* A testator devised all his property left after the payment of certain legacies to his widow for her life, and gave her full power to sell, dispose of and convey any and all of his estate, real and personal, and invest the proceeds in any other form she might deem advisable, and gave her the right and authority to use and exhaust such part of his estate as she might at any time think necessary for her support. By another clause of the will it was directed that after the widow's death all the testator's property "then remaining," both real and personal, be equally divided, etc.: *Held,* that the intention of the testator was to leave it to the discretion or option of the life tenant whether she should exercise the power or not, and that he did not intend an absolute conversion of all his estate into personalty.

3. Same — *equitable conversion — when treated as made.* An equitable conversion of land into money, or money into land, in accordance with a direction to that effect by a testator, where it depends on the will or direction of the executor, will not be regarded as consummated in law until it is consummated in fact. The rule of equitable conversion grows out of the doctrine in equity that what is agreed or imperatively directed to be done is already done.

4. Same — *rule of construction.* It is well settled that in the interpretation of wills the intention of the testator must control, and that the whole will and all its parts must be considered in order to ascertain what that intention is. It is also well settled that the law favors the vesting of estates, and will construe the terms of a will as creating a vested estate, if possible.

5. Remainder — *where an estate for life is given, with power of disposition.* A power of sale added to a life estate does not raise the estate to a fee, and although a will creates a life estate with a power to sell and convey the fee, it may at the same time limit a remainder after the determination of the life estate.

6. There is a distinction between a power and a right of property. A power of disposition does not imply ownership, but is a mere authority conferred by the will.

7. Same — *whether contingent — power of sale.* Whether a remainder after a life estate is vested or contingent is not affected by power of sale conferred by the will either on the life tenant or on the executor. If the power is so exercised as to dispose of all of the estate, nothing may be left to go to the remainder-man; but the remainder is not made contingent because it is uncertain whether the power will be exercised. The remainder may vest subject to the power.

8. It is well settled that a devise to a person after the payment of debts and legacies is not contingent until such debts and legacies are paid, but confers an immediate vested estate. In such cases the re-

mainder vests subject to the payment of debts and legacies, and subject to the power to use and sell, and liable to be divested as to so much of the estate as may be disposed of for the payment of debts and legacies and by the execution of the power.

9. A remainder is not made contingent by uncertainty as to the amount of the estate remaining undisposed of at the expiration of the life estate, but by uncertainty as to the persons who are to take.

10. SAME—*when vested and when contingent.* A vested remainder, whereby a vested interest passes to the party, though to be enjoyed *in futuro*, is where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. A contingent remainder, whereby no present interest passes, is where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event.

11. If the time of payment, merely, be postponed, and it appears to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind; but if time be annexed to the substance of the gift as a condition precedent, it is contingent, and not transmissible.

12. SAME—*presumption as to vesting of remainder.* The law presumes that words of postponement relate to the enjoyment of the remainder rather than to the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest. An estate limited upon a contingency to which the effect of a condition subsequent is given, vests at once, subject to be divested upon the happening of the contingency.

13. Whether the condition is really precedent or subsequent will depend upon whether it is incorporated into the gift to or description of the remainder-man, or is added as a separate clause, after words which have already given a vested interest. When it is doubtful whether words of contingency or condition apply to the gift itself or to the time of payment, they will be construed as applying to the latter.

14. Whether a limitation creates a vested or a contingent remainder may depend upon the intent of the testator, as well as upon the conditions of its taking effect. When the devise is to the testator's wife for life, and, at her death, to such of his children as shall then be living, the benefit does not purport to be conferred on the children, as such, or individuals named, but as survivors. This will indicate that an immediate vesting is not intended. But when the devise is to the wife for life, with remainder to certain named children, and with a subsequent provision that if any of such named children die before the wife then the property is to be equally divided between the survivors, the devise of the remainder is to certain definitely specified and named individuals, who, as remainder-men, already answer to the description by

which they are to take, and there is no obstacle to suppose an immediate vesting to have been intended.

15. SAME—*postponing time for vesting of estate in remainder-man.* It is a rule laid down in many cases, that when there is no gift but by a direction to divide or transfer, or pay from and after a given event, the vesting must be postponed until after that event has happened, unless, from particular circumstances, a contrary intention is to be collected. To this rule is a well known exception, that when the payment, distribution or division is postponed for the convenience of the fund or property, as, for instance, to let in a prior gift for life to another, the estate will be vested, and not contingent.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. GEORGE W. STIPP, Judge, presiding.

The defendants in error began attachment suits in June and July, 1891, in Will County against John J. Ducker, and levied the writs of attachment upon "all the right, title and interest of John J. Ducker" in certain real estate in that county. The appellants, Jennet Ducker and George A. Ducker in their own right and as executors of the last will of James Ducker, deceased, were allowed to interplead in the attachment suits, and filed interpleaders, setting up that the only interest, which John J. Ducker had in the premises levied upon, if any, was derived through and under the will of James Ducker; and that he had no present or existing leviable interest thereunder; and that the sum of $2000.00, bequeathed to the said John J. Ducker by the third clause of said will, was paid to him before the issuance of said attachment writs. The plaintiffs filed demurrers to the interpleaders. The demurrers were sustained, the interpleaders were dismissed and judgments in attachment were rendered against John J. Ducker, and special executions issued for the sale of the property attached. Writs of error have been sued out from this court for the purpose of reviewing said judgments. The three suits, one in the County court and two in the Circuit Court, have been consolidated here by agreement and heard together upon the same abstracts and briefs.

James Ducker died sometime between September 25, 1884, the date of his will, and December 30, 1885. The will is as follows:

"I, James Ducker, of Joliet, Ill., being of sound mind and memory, do hereby make, publish and declare this my last will and testament.

"*First*—I hereby revoke all former wills by me made.

"*Second*—I direct the payment of all my just debts.

"*Third*—I give and bequeath to my five children, James W. Ducker, Maria J. Ducker, George A. Ducker, John J. Ducker and Jessie M. Ducker, the sum of two thousand dollars ($2000) each, to be paid to them within two years after my death, as my executors may be able conveniently to raise the same out of my estate without sacrificing any part thereof.

"*Fourth*—I give, bequeath and devise to my wife, Jennet Ducker, the use of all the rest of my real and personal estate for and during her natural life, and I hereby give her full power and authority to sell, dispose of and convey any and all of said real and personal estate, and to invest the proceeds thereof in any other form she deems advisable, and I give her full right and authority to use and exhaust such part of the principal of my estate, real and personal, as she may at any time think necessary for her support and maintenance. This paragraph shall include my store in Joliet and the stock of goods therein, and the good will of the business, and I direct that said store and contents be delivered to her immediately after my death, and she may continue said business or dispose of the same, as she thinks best. But this entire pragraph is subject to the charge of raising out of the property left by me the sums required to meet the second and third paragraphs of this will, which shall be done by my executors out of such property, and in such manner as they deem for the best interest of my estate.

"*Fifth*—After the death of my wife I direct that all my property and estate then remaining, both real and personal,

be by my surviving executor equally divided between my said five children, share and share alike.

"*Sixth*—In case of the death of any of my said children without issue, either before my death or before receiving either of the portions above given him or her, I direct that the share of such child be equally divided among my surviving children, share and share alike.

"I hereby appoint my wife, Jennet Ducker, and my son George A. Ducker, the executors of this will, and request that no security be required of them upon their bond as such executors. I hereby empower my said executors to sell and convey any of my real and personal estate which they may deem it necessary or advisable to dispose of in order to raise the funds needed to comply with the requirements of the second and third paragraphs of this will."

Messrs. Hill, Haven & Hill, for the plaintiffs in error :

The intention of the testator, as gathered from the words of the will, must control.   *Lunt* v. *Lunt,* 108 Ill. 315 ; *Bates* v. *Gillett,* 132 id. 287 ; *Siddons* v. *Cockrell,* 131 id. 653 ; *Lamour* v. *Rich,* 71 Md. 369.

If the devise to John J. Ducker is a vested remainder, then his interest in the land was subject to levy and sale for the payment of his debts, but if it is a contingent remainder it is not liable to levy and sale.  *Baker* v. *Copenbarger,* 15 Ill. 103 ; *Haward* v. *Peavey,* 128 id. 439 ; *Roundtree* v. *Roundtree,* 26 S. C. 450 ; *Jackson* v. *Middleton,* 52 Barb. 9.

From the great mass of authorities we find that the generally accepted definition of a vested remainder is, that when a present interest passes to a party to be enjoyed in the future, so that the estate is invariably in a determined person after the particular intervening estate terminates, then it is a vested remainder, while a contingent remainder is one limited to take effect either to a dubious and uncertain person, or upon a dubious and uncertain event.  *Haward* v. *Peavey,* 128 Ill. 430 ;

*Peoria* v. *Darst,* 101 id. 609 ; *Marvin* v. *Ledwith,* 111 id. 144 ; 2 Blackstone's Com. 168.

The effect of the fifth and sixth clauses of the will of James Ducker seems to us, when taken and considered together, to give John J. Ducker an estate in remainder subject to these contingencies, to-wit : First, that there should be some estate remaining at the death of Jennet Ducker undisposed of. or unexhausted by her; and second, his being alive at the time the particular estate shall be determined by the death of Jennet Ducker and the subsequent division of the estate by the surviving executor, as provided for by the fifth clause of the will. Whether those contingencies constituted conditions precedent or subsequent, as said in *Haward* v. *Peavey, supra,* must be determined by the language of the testator in the will.

The remainder is contingent upon some estate remaining at the death of the widow. The fifth clause of the will is as follows : "After the death of my wife I direct that all my property and estate then remaining, both real and personal, be by my surviving executor equally divided between my said five children, share and share alike." The use of the words "then remaining," without the provisions of the fourth clause of the will giving her express power of disposition of the estate, would of itself have given the life tenant an implied power of disposition of the whole of the property devised. *In re Estate of Cashman,* 134 Ill. 88 ; *Markillie* v. *Ragland,* 77 id. 102 ; *Walker* v. *Pritchard,* 121 id. 221 ; *Henderson* v. *Blackburn,* 104 id. 227 ; *Darnell* v. *Barton,* 75 Ga. 377.

The fact that the fourth and fifth clauses of the will give the widow full power and authority to dispose of and exhaust the whole of the testator's estate, we think clearly renders the remainder to John J. Ducker and the other children of James Ducker, or their issue, if any, contingent upon there remaining some part of the estate undisposed of at the death of the life tenant. Until the death of the life tenant it is necessarily uncertain whether there will be any remainder. After her

death, and not before, is the surviving executor to act, and ascertain what, if any, property is then remaining, and divide the same. It is upon the uncertain event of there being some property remaining at that time that the executor is to act and make such division. This rule has been adopted by the courts of Massachusetts and Georgia in many cases, among which are *Taft* v. *Taft,* 130 Mass. 461; *Bamforth* v. *Bamforth,* 123 id. 280; *Johnson* v. *Battelle,* 125 id. 453; *Weston* v. *Jenkins,* 128 id. 562; *Dove* v. *Low,* 128 id. 38; *Darnell* v. *Barton,* 75 Ga. 377; *Hudgens* v. *Wilkins,* 77 id. 555.

The estate was contingent upon John J. Ducker being alive at the time when the particular estate is terminated. Fearne on Cont. Rem. (7th ed.) 217; *Walton* v. *Follansbee,* 131 Ill. 159; *Kingman* v. *Harmon,* id. 171; *Bates* v. *Gillett,* 132 id. 287; *Olney* v. *Hull,* 21 Pick. 211; *Colby* v. *Duncan,* 149 Mass. 398; *Roundtree* v. *Roundtree,* 26 S. C. 450; *Colten* v. *Fox,* 67 N. Y. 348; *Hill* v. *Rockingham Bank,* 45 N. H. 270; *Everett* v. *Everett,* 29 N. Y. 40.

We have here no words of gift at the present time to these remainder-men. The only words of gift are the directions to the surviving executor to divide after the death of the life tenant,—and thus the estate in expectancy is irrevocably impressed with the stamp of a contingent remainder. *Travis* v. *Morrison,* 28 Ala. 494; *Seibert's Appeal,* 13 Pa. St. 501; *Hills* v. *Bernard,* 152 Mass. 67; *Warner* v. *Durant,* 76 N. Y. 133.

Messrs. DONAHOE & McNAUGHTEN, for the defendants in error:

That a remainder after a life estate will vest, notwithstanding a power of disposal given to a life tenant, see *Railsback* v. *Lovejoy,* 116 Ill. 442; *Scofield* v. *Olcott,* 120 id. 362; *Carter* v. *Hunt,* 40 Barb. 88; *Chandler* v. *Dinkle,* 4 Watts, 143; *Thomas* v. *Thomas,* 1 Rawl. 112; *Ackerman* v. *Gorton,* 67 N. Y. 63.

This will must be considered as a whole. All the clauses bearing on the question must be read together. *Nicoll* v. *Scott,* 99 Ill. 540; *Boyd* v. *Strahan,* 36 id. 359.

Power to sell and convey the estate by the life tenant does not render the interest of the remainder-man contingent. *Boyd* v. *Strahan,* 36 Ill. 358; *Mulberry* v. *Mulberry,* 50 id. 67; *Rails-back* v. *Lovejoy,* 116 id. 442; *Bradley* v. *Wolcott,* 13 Ves. 450.

There was only an option to sell conferred upon the widow, hence the doctrine of equitable conversion does not apply. Therefore the cases of *Baker* v. *Copenbarger,* 15 Ill. 103, *People* v. *Jennings,* 44 id. 488, and *Jennings* v. *Smith,* 29 id. 116, have no bearing on this case.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The question is, whether the will gave John J. Ducker such an interest in the property of the testator as was subject to levy before the death of the widow. Under the will, Mrs. Ducker took an estate as tenant for life, with remainder over to the five children of the testator, of whom John J. Ducker is one. Is that remainder vested or contingent? If it is vested, it is subject to levy; if it is contingent, it is not subject to levy. (2 Freeman on Judgments—4th ed.—sec. 354.)

It is contended by counsel for appellants, that the remainder is contingent for two reasons; first, because it is dependent upon the uncertain event that some part of the estate shall remain undisposed of and unexhausted at the death of the life tenant; second, because it is dependent upon the uncertain event, that John J. Ducker shall be alive when the particular estate is terminated by the death of the life tenant.

The first reason is based upon the use of the words "then remaining" in the fifth clause of the will, considered in connection with the fourth clause thereof. The latter clause confers upon the life tenant the power of disposing of any and all of the estate both real and personal. While, however, the

power to sell and dispose of the estate is granted, there is no imperative direction that the land shall be converted into money, or the money into land. On the contrary, the intention of the testator, as gathered from the language of the two clauses, would appear to have been to leave it to the discretion or option of the life tenant whether she should exercise the power or not. By the fourth clause she is empowered, either to continue the business in the store in Joliet, or to sell the store and the stock therein and the good will of the business, as she thinks best; and she is to use only such part of the principal of the estate as she may think necessary for her support and maintenance. The fact, that, by the terms of the fifth clause, a provision is made for the division of such part of the "property and estate" as should remain at the death of the life tenant, shows that the testator did not intend an absolute conversion of all his estate into personalty. Hence, an equitable conversion, which has been defined to be "the notional alteration of land into money, or money into land, in accordance with a direction to that effect of a testator or settler, and in pursuance of the equitable doctrine that what is agreed or imperatively directed to be done is already done, or as good as done," does not arise out of the provisions of the present will. Where the conversion depends on the will or discretion of the executor, it will not be regarded as consummated in law until it is consummated in fact. (6 Am. & Eng. Encl. of Law, pages 664, 665, and cases cited in notes.)

A power of sale added to a life estate does not raise the estate to a fee. (*Walker* v. *Pritchard,* 121 Ill. 221; 1 Jarman on Wills—Bigelow's 6th ed.—marg. page 378, and notes; *Burleigh* v. *Clough,* 52 N. H. 267). Although a will creates a life estate with power to sell and convey the fee, it may at the same time limit a remainder after the termination of the life estate. (*Walker* v. *Pritchard, supra*). Whether such remainder is vested or contingent is not affected by the power of sale conferred by the will either on the life tenant or on the ex-

ecutor. If the power is so exercised as to dispose of all the estate, nothing may be left to go to the remainderman, but the remainder is not made contingent because it is uncertain whether the power will be exercised. The remainder may vest subject to the power. There is a distinction between a power and a right of property. A power of disposition does not imply ownership, but is a mere authority conferred by the will. (*Burleigh* v. *Clough, supra*). "A limitation, after a power of appointment, as, to the use of A. for life, remainder to such use as A. shall appoint, and in default of appointment, remainder to B., is a vested remainder, though liable to be divested by the execution of the power." (4 Kent's Com. marg. page 204).

In *Railsback* v. *Lovejoy*, 116 Ill. 442, where a testator devised land to his widow for life, with remainder to his seven children, and gave the executor power to sell the land with the concurrence of the widow, and where the interest of one of the remaindermen was levied on and sold and conveyed by the sheriff during the lifetime of the widow, we held that the devisees took a vested estate in remainder subject to the power of sale, and that the rights of the devisee, whose interest was levied on, passed to the purchaser at the sheriff's sale, and it was there said: "It is further contended by appellants, that, by reason of the power of sale in the will, * * * the children * * * had a contingent remainder only, and that consequently nothing passed by the sheriff's deed. This view is clearly unsound. The power had nothing to do with the vesting of the estate. It is obvious the estate vested in the children upon the testator's death, subject to the power." The *Railsback* case was subsequently referred to upon this point and approved in *Scofield* v. *Olcott*, 120 Ill. 332.

It is said, that it cannot be determined what part of the estate will remain undisposed of at the death of the widow, and that, therefore, there can be no vesting of the remainder until that time. The words, "then remaining," as used in the

fifth clause, can as well apply to what remains after the payment of the debts and bequests named in the second and third clauses, as to what may remain after the exercise of the powers conferred upon the life tenant in the fourth clause. By the latter clause the payment of the debts and the gifts of $10,000.00 to the children are required to be raised out of the property, and are made a charge thereon. If the remainder is contingent because it may consist of what remains after the exercise of the powers of sale and use conferred upon the life tenant, then, in case the life tenant should fail to sell any of the estate or to exhaust for her own use any of the principal thereof, the remainder would still be contingent because it would consist of what remains after paying off the charges created upon the property by the directions to pay the debts and the bequests. To hold that a remainder is contingent, because it cannot be known how much will be left until the debts and funeral expenses and other charges are paid, would make every remainder given by will a contingent one. But it is well settled, that a devise to a person after the payment of debts and legacies is not contingent until such debts and legacies are paid, but confers an immediately vested interest. (*Scofield* v. *Olcott, supra*). In such cases the remainder vests subject to the payment of debts and legacies and subject to the exercise of the power to use and sell, but liable to be divested as to so much of the estate as may be disposed of for the payment of debts and legacies and by the execution of the power.

The remainder is not made contingent by uncertainty as to the amount of the estate remaining undisposed of at the expiration of the life estate, but by uncertainty as to the persons who are to take. (*Heilman* v. *Heilman,* 129 Ind. 59).

In *Burleigh* v. *Clough, supra,* the will, after giving all the estate, real and personal, to the wife "to her use and disposal during her natural life," contained these words : "And *what is remaining at her decease undisposed of by her,* I give, devise

and bequeath unto Joshua E. Dennis and his heirs and assigns forever;" it was held, that the wife of the testator took an estate for life with power to defeat the remainder over, and that Dennis took a vested remainder. (See also *Ackerman* v. *Gorton,* 67 N. Y. 63 ; *Green* v. *Hewitt,* 97 Ill. 113 ; *Walker* v. *Pritchard, supra ; Heilman* v. *Heilman, supra ; Blanchard* v. *Blanchard,* 1 Allen, 223 ; *Leggett* v. *Firth,* 132 N. Y. 7 ; *Mitchell* v. *Knapp,* 8 N. Y. Suppl. 40 ; *Chandler* v. *Dinkle,* 4 Watts, 143).

In support of their position upon this branch of the case, counsel for appellant rely upon certain decisions in Massachusetts and Georgia. These decisions, however, do not conclusively establish the doctrine, that a grant in the will of power to the life tenant to sell, or use, all, or a part of, the estate creates such a contingency as to the existence of any remainder, or as to the *quantum* of the remainder, that the vesting will be postponed until the termination of the life estate. In *Bamforth* v. *Bamforth,* 123 Mass. 280, a devise over to two parties was held to be contingent because of the use of the words, "should either of them be living," but uncertainty as to the amount of the estate was not given as a reason for not vesting. The case of *Johnson* v. *Battelle,* 125 Mass. 453, merely relates to the power of the life tenant to convey. In *Taft* v. *Taft,* 130 Mass. 461, a bill was filed by the remaindermen against the life tenant to enjoin her from selling the real estate, and it was held, that the lower court properly sustained a demurrer to the bill and dismissed it, because the life tenant had power to sell or dispose of the estate by will. The question was, whether the life tenant was acting within her power, and not whether the remainder was contingent or vested; and, therefore, the remark, that the gift of the remainder to the plaintiffs was contingent upon the event, that some estate remained at the death of the defendant not disposed of by her will, was unnecessary to the decision. These Massachusetts cases are reviewed and criticized in *Mitchell* v.

*Knapp, supra,* and held not to sustain the proposition, that uncertainty as to the amount of the estate devised over makes the remainder contingent. The weight of authority is against the proposition. (*Welsh* v. *Woodbury,* 144 Mass. 542). In the case of *Darnell* v. *Barton,* 75 Ga. 377, the interest of one of the parties in the remainder was contingent upon his surviving the life tenant, irrespective of the uncertainty in the *quantum* of the remainder.

We are of the opinion, that the remainder in the case at bar is not contingent for the first of the two reasons above stated.

The second reason given, why the remainder should be regarded as contingent, is its alleged dependence upon the uncertainty of the survivorship of John J. Ducker at the time of the termination of the particular estate by the death of the life tenant. It is well settled, that, in the interpretation of wills, the intention of the testator must control, and that the whole will and all its parts must be considered in order to ascertain what that intention is. It is also well settled that the law favors the vesting of estates, and will construe the terms of a will as creating a vested estate if possible. (*Scofield* v. *Olcott,* 120 Ill. 362; *Kellett* v. *Shepard,* 139 id. 433). A vested remainder, whereby a vested interest passes to the party though to be enjoyed *in futuro,* is where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. A contingent remainder, whereby no present interest passes, is where the estate in remainder is limited to take effect either to a dubious and uncertain person, or upon a dubious and uncertain event. (2 Black. Com. 168, 169). If the time of payment merely be postponed, and it appear to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind; but if the time be annexed to the substance of the gift as a condition precedent, it is contingent and not transmissible. (2 Redf. on Wills, marg. page 248). The law presumes, that

words of postponement relate to the enjoyment of the remainder rather than to the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest. (*Heilman* v. *Heilman, supra*). An estate limited upon a contingency, to which the effect of a condition subsequent is given, vests at once, subject to be divested upon the happening of the contingency. Whether the condition is really precedent or subsequent will depend upon whether it is incorporated into the gift to, or description of, the remainderman, or is added as a separate clause after words which have already given a vested interest. (*Lenz* v. *Prescott,* 144 Mass. 505; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Collins* v. *Collins,* 40 Ohio St. 353; *Jeffers* v. *Lampson,* 10 Ohio St. 101; 20 Am. & Eng. Encl. of Law, page 950). Where it is doubtful whether words of contingency or condition apply to the gift itself, or to the time of payment, they will be construed as applying to the latter. (*Eldridge* v. *Eldridge,* 9 Cush. 516; 2 Redf. on Wills, marg. page 248).

An application of these definitions to the construction of the present will does not show clearly, that it was the intention of the testator to postpone the vesting of the remainder. It will be observed, that the sixth (6th) clause does not provide for a division among the surviving children of all the remaining property and estate, but only for a division of the share of any child dying without issue. The words, "either of the portions," as used in the sixth clause, not only refer to the gifts named in the third clause, but also to the portions to be set off by the division which is directed to be made in the fifth clause. This being so, each child is referred to as "receiving" the portion "above given him" in the fifth clause. The surviving children were to take the share of the deceased child, if he should die before "*receiving*" what had already been "above given him." There is, thus, a distinct recognition of the fact, that the share of each child, as specified in the fifth clause, had been given to him before the division at the ter-

mination of the life estate should take place.  The language
of clause six imports, that each child had a share before the
period of its division should arrive, and that, although the
time of its enjoyment was postponed, it had theretofore vested,
subject to being divested upon his death without issue.

This disposes of the objection, that clause five contains no
language of gift to the children, but simply a direction to
divide the estate after the death of the widow.  It is a rule
laid down in many of the cases, that where there is no gift
but by a direction to divide, or transfer, or pay, from and
after a given event, the vesting must be postponed until after
that event has happened, unless from particular circumstances
a contrary intention is to be collected.  (2 Redf. on Wills,
marg. page 236).  But it cannot be said, that, here, the testa-
tor intended the period of distribution to be not simply the .
time fixed for the enjoyment of the possession but also for
the vesting of the estate, because in the sixth clause he him-
self characterizes the fifth clause as being a gift of the portions
therein referred to.  The fifth clause, when construed in con-
nection with the sixth, is the same as though it had read:
After the death of my wife I give all my property, etc., to be
equally divided, etc.  It is a well known exception to the rule
above referred to, that, where the payment, distribution or
division is postponed for the convenience of the fund or prop-
erty, as, for instance, to let in a prior gift for life to another,
the estate will be vested and not contingent.  *(Scofield* v. *Ol-
cott, supra;* 2 Redf. on Wills, marg. page 237, par. 37 ; *Heilman*
v. *Heilman, supra*).  The present case comes within this ex-
ception.  As we gather the purpose of the testator from his
will, he intended to give all his property to his five children,
and, after making the specific legacies, he carved out of the
remainder a life estate for the support and maintenance of
his widow ; that is to say, the enjoyment of the remainder by
the children was simply postponed to let in the life estate.

If the effect of the sixth clause is to limit the remainder to such of the children named as should survive their mother, then the remainder is unquestionably contingent. But there are here no words or phrases of contingency which can be said to constitute a condition precedent, such as, "if they shall be living at her death," or, "to such of them as shall be living." Under the construction already given to the fifth and sixth clauses, there is a direct gift of all the property after the life estate previously carved out. The devise is not made upon the contingency of survivorship, but in the fifth clause as interpreted by the application thereto of the testator's words, "the portions above given him or her," the devise is made to the devisees by name, and the condition appears only in a subsequent clause, and after words which have already given a vested interest. The devise is in fee to the five children subject to be divested upon a condition subsequent, and, therefore, they took a vested remainder. It is manifest, that the words, "my surviving children," as used in the sixth clause, may refer to several periods of survivorship. They may refer to the children surviving at the death of the testator, or at the death of the child dying without issue, or at the time of the payment of the bequests named in the third clause, or at the death of the widow. If, however, they are regarded as referring—in the case of John J. Ducker, who is alive and is conceded to have received the bequest made to him in the third clause—to the death of the life tenant, the devise to him was of a vested remainder, defeasible on a condition subsequent.

The provisions of James Ducker's will, as thus construed, present the instance of an estate in remainder subject to a subsequent, and not a precedent, contingency or condition. Such an estate vests immediately, subject to be defeated by the happening of the condition. The present case is thus brought directly within the doctrine laid down in *Blanchard*

v. *Blanchard, supra,* and approved by this court in the recent case of *Haward* v. *Peavey,* 128 Ill. 430.

Whether a limitation creates a vested or contingent remainder may depend upon the intent of the testator, as well as upon the conditions of its taking effect. Where the devise is to the testator's wife for life, and, at her death, to such of his children as shall then be living, the benefit does not purport to be conferred on the children as children, or individuals named, but as survivors, which indicates that an immediate vesting is not intended. But where the devise is to the wife for life, with remainder to certain named children, and with a subsequent provision that, if any of such named children die before the wife, then the property is to be equally divided between the survivors, the devise of the remainder is to certain definitely specified and named individuals, who, as remaindermen, already answer to the description by which they are to take, "and there is no obstacle to supposing an immediate vesting to have been intended." (4 Kent's Com.—13th ed.— marg. page 203, note 1, and cases cited).

We are, consequently, of the opinion that the remainder is not contingent for the second reason presented by counsel. As John J. Ducker must be regarded, in the light of the views here expressed, as having taken a vested remainder under his father's will, his interest in the land attached was subject to levy.

The judgments of the Circuit and County Courts are accordingly affirmed.

*Judgment affirmed.*