FREDERICK BERGMAN *et al.* Defendants in Error, *vs.* EDWARD ARNHOLD *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. WILLS—*intention of testator as expressed must be given effect if not prohibited by law.* The paramount rule in the exposition of wills is that the intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law.

2. SAME—*construction giving effect to all words is preferred.* Where one construction of a will renders a portion of it meaningless and another construction will give effect to all the words the latter should be adopted.

3. SAME—*a trustee takes title commensurate with his powers.* Where a devise is to a trustee, with power to grant, bargain, sell, convey, mortgage or otherwise encumber the real estate and convert the real estate into personal property or the personal property into real estate, the trustee necessarily takes the legal title in fee simple to enable him to carry out the purposes of the trust.

4. SAME—*when the trustee is authorized to convey property to beneficiary.* Where a testator devises real and personal property to his son in trust, to manage during the lifetime of the widow,

who is to have the income and as much of the principal of the trust property as she desires for her support, a provision directing the trustee, upon application in writing by the widow, "to convey and assign to her, and to sell, assign, transfer, mortgage, convey or otherwise dispose of to such other person as she may in such written application designate, * * * the whole or any part or ·parts of said real and personal property," authorizes the trustee to convey the fee of the entire trust estate to the widow upon her written application.

5. SAME—*power of appointment by will does not enlarge a life estate.* If a testator gives only .a life estate to his widow with power to appoint the fee by will, with remainder over to named persons in default of such appointment, the power of appointment does not enlarge the life estate into a fee; but the remainder to the named persons, even though it is a vested remainder, may be divested by the exercise of the power of appointment.

6. SAME—*provision directing trustee to convey to widow construed.* A provision of a will directing the trustee, upon application· of the widow in writing, "to convey and assign to her, and to sell, assign, transfer, mortgage, convey or otherwise dispose of to such other person or persons as she may in such written application designate, and upon such terms, for such considerations and for such purposes as she may desire and designate, the whole or any part or parts" of the trust property, does not require that the widow's application for a conveyance to herself shall specify the purposes for which the property is to be conveyed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The bill in this cause was filed February 14, 1906, in the superior court of Cook county, by defendants in error, to set aside a certain agreement made by the two plaintiffs in error, as a cloud upon the title to certain real estate. After a hearing the court entered a decree in accordance with the prayer of the bill and ordered the agreement in question to be canceled and removed as a cloud upon the title of said real estate.

Frederick Bergman died testate July 11, 1879, seized in fee of block 2 in Bergman's subdivision, etc., in the city of Chicago. This block contains all the real estate in ques-

tion.   His will was afterwards duly admitted to probate. By it said testator devised said block to Frederick Bergman, Jr., as trustee, upon certain trusts and for the uses and purposes expressly provided, as follows:

"Said trustee shall, out of said property and the proceeds or income thereof, pay, from time to time, all taxes, assessments and any and all other liens which now exist or may hereafter, during the lifetime of my wife, Helena Bergman, exist, and which are or shall be valid and legal claims against any of said trust property; and he shall furthermore have the right, during the lifetime of said Helena, to apply any trust moneys, funds or property at any time in his hands or under his control to such extent as he shall judge necessary or expedient in taking care of, protecting or improving said trust property, or any thereof that may be at any time in his hands or control.   It shall be the duty of said trustee, during the lifetime of the said Helena, to use and apply, so far as necessary, the rents, income and proceeds of the residue of said trust property, (over and above the portions thereof used as above provided,) and also, so far as necessary, the residue of said trust property itself, for the support, benefit and comfort of my said wife, Helena, so long as she shall live.   And for the purpose of executing the trusts hereby declared, or any thereof, said trustee is hereby authorized to grant, bargain, sell, convey, mortgage or otherwise encumber, as well as to assign, transfer or otherwise dispose of, all or any part of the property at any time constituting the said trust estate and property.   And said trustee may, when he shall deem it for the interest of said trust, convert, from time to time, realty into personalty and personalty into realty, it being my intention to give him the full control and management of said trust property and funds with a view to the increase and improvement thereof and for the benefit, support and comfort of my said wife.   And it shall be the duty of said trustee, upon application, from time to time, in writing, of

the said Helena, to convey and assign to her, and to sell, assign, transfer, mortgage, convey or otherwise dispose of to such other person or persons as she may in such written application designate, and upon such terms, for such considerations and for such purposes as she may desire and designates, the whole or any part or parts of said real and personal property by him from time to time held in trust hereunder. I further will and direct that all trust funds and property which shall at the time of the death of my said wife be held hereunder and belong to the trust hereby created, shall be sold, conveyed and disposed of as she shall by her last will and testament direct or appoint. But if she should make no such direction or appointment by such will, then one undivided fifth of all such trust funds and property shall go to said Frederick Bergman, Jr., to hold absolutely in his own right, and another like undivided fifth thereof shall go in like manner to each of my sons John Bergman and Harmon Bergman, my daughter, Louisa Bergman, and my grandson, Edward Ormhold, so that my said children and grandchild shall have each one-fifth part of so much of the property belonging to the trust hereinbefore established as shall remain at the time of the death of my said wife and shall not be disposed of by direction or appointment in her last will."

The testator left him surviving his widow, Helena Bergman, and as his only heirs-at-law his children, Frederick, Jr., (his son by a former marriage,) John, Herman and Louisa Bergman, and his grandson, Edward Arnhold, (who was called in the will "Ormhold,") the son of a deceased daughter of the said Helena Bergman. Said Louisa Bergman has since married and is now Louisa Beck.

Frederick Bergman, Jr., the trustee, took possession of the property in question and managed the same until about May 1, 1895, when the widow, Helena Bergman, executed and delivered to him her written request for the transfer and conveyance to her of said premises in accordance with

the terms of the will.    Thereupon said Frederick Berg-
man, Jr., as trustee, executed to said Helena Bergman a
deed to the premises.    About a month after, said Helena
Bergman caused the premises to be subdivided into forty-
four lots, together with streets and alleys, and about two
weeks later conveyed to each of the four children of Fred-
erick Bergman nine of said lots and conveyed the eight
remaining lots to Michael Kunkel, as trustee, to be held by
him in trust during the lifetime of said Helena, and after
her death to convey to the four children or their heirs, upon
the performance of certain conditions.    Said Helena there-
after died, and said Kunkel conveyed the eight lots held
by him in trust to the said four children, two lots to each.
There were other transfers among the parties, and one lot
was conveyed by Herman Bergman to Fred Norlin, one of
the complainants in this bill and a defendant in error here.
The property in question is apparently worth about $150,-
000.    Said Helena Bergman did not leave any last will and
testament.

The agreement which this proceeding was brought to
remove as a cloud upon the title is dated December 15,
1903, and is of record in the recorder's office of Cook
county, being made between Edward Arnhold and E. G.
Lancaster, the latter an attorney of Chicago.    It recites that
Arnhold claims to be the owner of an undivided one-fifth
interest of all or a large part of said block 2, and raises a
question as to the construction of the will and sets forth
that the real estate is clouded by certain transfers.    It fur-
ther provides that Arnhold is to pay or convey to Lancas-
ter, for his services in having the will construed and cloud
removed, an amount equal to two-fifths in value of one-
fifth of said real estate, or whatever may be realized by
Arnhold therefrom, and said Lancaster agrees to perform
the necessary services in obtaining the construction of the
will and removal of the cloud, not including compensation
for partition proceedings.

EDWIN GERARD LANCASTER, (ALBERT KOCOUREK, of counsel,) for plaintiffs in error.

CLYDE L. DAY, MACLAY HOYNE, SAMUEL E. KNECHT, and SAMUEL M. FEGTLY, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The chief contention in this case is as to whether the trustee under the will had the power to convey a fee simple title to the lots in question to the widow, Helena Bergman. Did the testator intend simply to give his wife a life estate in this property, and if the rents, income and profits were not sufficient to support her, enough of the proceeds to support her in comfort? This is the contention of plaintiffs in error, and they further insist that if the conveyance by the trustee to the widow had any effect it simply gave her a life interest in or made her a trustee for life of the property; that while she might, by written request and direction, have caused the real estate to be actually sold by the trustee to some other person, there was no power given the trustee to convey it to her; that the purport of the entire will is that the main purpose of the trust was the preservation, increase and improvement of the trust property during the life of the widow, in order that after she had received proper support during her lifetime it might descend to the natural objects of the testator's bounty, namely, the four children and grandchild.

The reading of this will clearly shows that in making it the testator had chiefly in mind his wife. She was to have the rents, issues and profits, and, so far as necessary, the residue of the property, for her benefit, support and comfort. It was made the duty of the trustee, on her application in writing, to convey or assign the property to her, or sell, assign, transfer, mortgage, convey or otherwise dispose of it to such other person or persons as she might designate, for such considerations and for such purposes as

she desired, and it was provided that if she did not use all the property, any trust funds that remained at the time of the death of the wife should be sold, conveyed and disposed of as she by her last will and testament might direct or appoint. If she failed to have it all conveyed, transferred or sold during her lifetime, and did not direct, by will, how it should be done, then the testator provided that in such case any that might remain should descend to his four children and to his grandchild, one of the plaintiffs in error herein. The will does not say that the trustee shall only sell, assign, convey, transfer and mortgage, at her written request, to *other persons,* but distinctly says that if she shall so request, in writing, said trustee shall *"convey and assign to her."* Manifestly, the testator intended that his wife could require the trustee to sell and transfer to other persons for a consideration or convey and assign to her without consideration, the word "convey" applying aptly to real estate and the word "assign" to personal property.

Counsel for plaintiffs in error ask why, if the testator wanted to give her such control over the property that she could ultimately have it all for herself by taking the proper steps, he did not will it to her direct. It is possible he thought that by so drafting the will as to make his son a trustee the wife would be more apt to consult with and be advised by the children as to what should be done with the property. It is not necessary, however, for us to speculate as to why the testator made certain provisions in his will. The sole question is, what provision did he make? Counsel on both sides concede and argue that the paramount rule in the exposition of wills, to which all others must bend, is, that the intention of the testator as expressed therein must be ascertained and given effect, if not prohibited by law. (*Armstrong* v. *Barber,* 239 Ill. 389, and cases cited.) One plain purpose of the testator, as shown by the will, was to give to the trustee the title in fee to all of the land. For the purpose of executing the trust the will authorizes

him to grant, bargain, sell, convey, mortgage or otherwise encumber, to convert the real estate, from time to time, into personalty or the personalty into realty, and, as we have seen, he was given the power to convey or assign to the widow, or sell, convey and transfer to others. He could not perform the duties placed upon him by this will unless he was clothed with the legal title in fee. The trustee acquires whatever estate is needed in order to enable him to accomplish the purpose of the trust. *Lord* v. *Comstock,* 240 Ill. 492; *West* v. *Fitz,* 109 id. 425; *Kirkland* v. *Cox,* 94 id. 400.

Our attention has been called to a large number of authorities which counsel contend show that the construction placed by the lower court on this will is not the proper one. It has been frequently said in construing a will, that "the court derives but little assistance in determining the meaning to be given the various terms and expressions used therein from the examination of adjudged cases. No two wills are precisely alike, and the conditions which surround one testator differ so widely from those which surround another that the conclusion reached in one instance is rarely of great service as a guide in another." *Dee* v. *Dee,* 212 Ill. 338.

If this will had given to Helena Bergman only a life estate, with the power of appointment in her will as to the remainder, then such power of appointment would not, as contended by the plaintiffs in error, enlarge the life estate. (*Ducker* v. *Burnham,* 146 Ill. 9; *Carter* v. *Carter,* 234 id. 507; *Keays* v. *Blinn,* 234 id. 121.) But, as we have seen, the will gave her the right to take the fee, if she chose. Conceding that under this will the four children and the grandchild, Edward Arnhold, took a vested remainder in the property in question, it is well settled by the authorities in this State that a vested remainder may be divested by such a power of disposal as is contained in this will. (*Ducker* v. *Burnham, supra; Kirkpatrick* v. *Kirkpatrick,* 197 Ill.

144; *Harvard College* v. *Balch,* 171 id. 275; *Hawkins* v. *Bohling,* 168 id. 214.) It appears to us from a study of the will that the testator's main thought was to provide for the widow and allow her to have the full authority as to how the property should go, and not to hold the property together for the children and grandchild. The children and grandchild, Edward Arnhold, were only named in order to provide for beneficiaries in case the widow did not previously dispose of all the property.

It is contended by plaintiffs in error that it was necessary under the will that the written request to convey to the widow should designate the purpose for which the property was to be conveyed, and that the request now under consideration did not so designate. The provision as to designating the terms, considerations and purposes only applied if the trustee was requested to sell, assign, transfer or mortgage the property to some person other than the widow, and did not apply when the request was to convey to the widow herself. If plaintiffs in error's contention be upheld as the proper construction of this will, then the words "to convey and assign to her" must be construed to mean exactly the same as the next clause immediately following: "to sell, assign, transfer, mortgage, convey or otherwise dispose of to such other person or persons as she may in such written application designate," etc. When one construction of a will renders a portion of it meaningless and the other will give effect to all the words, the latter should be accepted. *Wardner* v. *Baptist Memorial Board,* 232 Ill. 606, and cases cited.

We think the will was properly construed by the superior court, and the decree of that court will therefore be affirmed.                    *Decree affirmed.*