## Daniel O. Harris, Appellant, v. Horace B. Harris, Administrator, Appellee.

1. WILLS—*what testimony incompetent in suit involving construction of will.* In a suit involving the construction of a will, testimony by the person who drew the will as to what he understood the intention of testatrix to be in a certain matter was incompetent.

2. WILLS—*presumption that testator intended to dispose of all of property.* The law will presume that the testator intended to dispose of all of his property, and the will is to be so construed unless such presumption is clearly rebutted by the provisions of the will.

3. WILLS—*construction of residuary clause.* Where testatrix, in the residuary clause of her will, did not merely direct that the residuum be divided among the persons named as legatees but thereafter in the same paragraph specified appellant by name as one of the persons to take thereunder and specified his proportional share in the residue, *held* that testator intended that appellant should receive such proportion of the residuary estate.

Appeal from the Circuit Court of Fulton county; the Hon. G. O. DIETZ, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed October 25, 1921.

FLACK, FLACK & KERMAN, for appellant.

HARVEY H. ATHERTON and GLENN RATCLIFFE, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Mary M. Harris died leaving a last will and testament and a codicil thereto, which were duly probated. The debts and specific bequests were paid leaving a residuary fund of $40,000 for distribution by appellee, the administrator with the will annexed.

Appellant filed a petition in the county court claiming to be entitled to 10.94 of this sum according to the provisions of said will and codicil. A hearing was had in the county court upon said petition and

an appeal taken to the circuit court where, after a hearing, the court dismissed the petition at petitioner's costs, whereupon appellant appealed to this court.

The thirteenth paragraph of the will is as follows:. "Thirteenth: If the real estate which constituted the estate of my husband at the time of his death has been partitioned, and I am possessed of the title to the portion of the Northeast Quarter of Section One, in Township Four North of Range One West, remaining after a deed to forty acres thereof to the Harris Cemetery Association, I give, devise and bequeath unto Daniel O. Harris such remaining portion of said quarter section. In the event of such piece of land and the improvements thereon not being so partitioned, I give, devise and bequeath unto said Daniel O. Harris, if living, if dead, then to his heirs, the sum of fifteen thousand ($15,000) dollars. If the said Daniel O. Harris is not living at the time of my death, and I have become possessed of the title to said fractional quarter section by partition or otherwise, I give, devise and bequeath said fractional quarter unto the heirs of said Daniel O. Harris, James Robert Harris."

By the sixteenth paragraph of the will Lizzie Gibson was made residuary legatee.

The ninth and tenth paragraphs of the codicil are as follows: "Ninth: I hereby revoke the provision of that part of paragraph thirteen of my said will which reads as follows: 'I give, devise and bequeath unto said Daniel O. Harris, if living, if dead, then to his heirs, the sum of fifteen thousand ($15,000) dollars;' and in lieu thereof, I give, devise and bequeath unto said Daniel O. Harris, if living, if dead, then to his heirs jointly, the sum of ten thousand ($10,000) dollars. The remainder of said paragraph to remain unchanged.

"Tenth: I hereby revoke the provisions of the sixteenth paragraph of my said will, and in lieu thereof, I direct that if, after making the payments of my

debts and funeral expenses and the distribution of my estate, as provided in my said will and in this codicil thereto, there remains any property of my estate in excess of the expenses incident to the administration thereof, I give, devise and bequeath unto each of the persons named as legatees, such proportionate share of such surplus, or remaining estate, as their respective shares may bear to the aggregate of all bequests, viz.: John Warner, or his heirs, three thousand ($3,000) dollars; Ralph Warner, or his heirs, eight thousand ($8,000) dollars; Eliza Davis, or her heirs, fifteen thousand ($15,000) dollars; children of Henry Warner, or their heirs, twenty-one thousand ($21,000) dollars; children of Wesley Warner, or their heirs, eight thousand ($8,000) dollars; child of Milton Warner, or his heirs, one thousand ($1,000) dollars; children of Alfred Warner, or his heirs, twenty thousand ($20,000) dollars; Hattie Kinnie, or her heirs, two thousand ($2,000) dollars; Lizzie Gibson, or her heirs, five thousand ($5,000) dollars; Jesse Matheny, or his heirs, one thousand ($1,000) dollars; and Daniel O. Harris, or his heirs, ten thousand ($10,-000) dollars. Total, ninety-four thousand ($94,000) dollars."

The real estate mentioned in the thirteenth paragraph of the will had been partitioned during the lifetime of Mary M. Harris. She received the 120 acres referred to, and the same was, by her, deeded to appellant prior to her death.

It is contended by appellee that as the gift to appellant under the thirteenth paragraph of the will and the ninth paragraph of the codicil was a gift of real estate, it was a devise and not a legacy, and, that as he had received it in the lifetime of the testator, and did not receive the $10,000 mentioned in the codicil, he was not a legatee, and was not entitled to his proportional share of 10-94 in the residuum of the estate.

In the case of *Johnson v. Askey*, 190 Ill. 58, the

Supreme Court quoted with approval from *Blackmore v. Blackmore,* 187 Ill. 102 (p. 108) as follows: "A technical construction of words and phrases, although prima facie the one which should prevail, will not be carried to the extent of defeating any obvious general intention of the testator, since wills are often prepared by those wholly unacquainted with the precise technical force of legal formulas, and who, from a consciousness of such deficiency, often exert themselves to drag in such phrases wherever they suppose they would probably have been adopted by an experienced draughtsman." *Weigel v. Green,* 218 Ill. 227, contains a résumé of the authorities on this subject and holds that while the word "legatee" is generally used in wills to indicate the taker of personal property, yet it sometimes has the meaning of devisee. See also, *Bender v. Bender,* 292 Ill. 358.

In this case, Millard R. Powers, a witness called by appellee, testified, over objection of appellant, that he was acquainted with the affairs of Mary M. Harris, and with the property of her estate; that he helped her draw the will and codicil and knew what she wanted done. He testified that her intention was, that Daniel O. Harris should have no share in the residuary estate, clause ten; that he received the land mentioned in clause thirteen of the will. He testified that he could tell that such was her intention by what she said prior to the making of her will.

This testimony was clearly incompetent and cannot be considered in construing the will and codicil. In *Dóllander v. Dhaemers,* 297 Ill. 273, it was said: "On the hearing before the master in chancery the executor, who drafted the will, testified as a witness, and was asked if there was any question, when he was drawing the will, as to who were the children of the deceased daughter, Mary Duyvetter, and what was said about that, and the witness was permitted to answer, subject to objection, that the testator wished those chil-

dren to have their deceased mother's share. There is no argument by counsel for appellees that this testimony was competent, and we think it was clearly incompetent. (*Hawhe v. Chicago & W. I. R. Co.*, 165 Ill. 561; *Alford v. Bennett*, 279 Ill. 375.) The paramount rule to be followed in construing a will is to ascertain the intention of the testator and follow the intention thus ascertained unless contrary to some settled rules of law. (*Howe v. Hodge*, 152 Ill. 252; *Wardner v. Seventh Day Baptist Memorial Board*, 232 Ill. 606.) This intention is to be gathered from the words and expression used in the will itself.''

In *Whittington v. Hunt*, 296 Ill. 133, the court said: ''The purpose of courts in construing a will is to ascertain the intention of the testator, so that such intention may be given effect if not prohibited by law. The object to be attained is to give the will the interpretation and meaning which the testator intended, and his intention will be carried out whenever it can be done without violating some established rule of law or public policy. To ascertain this intention of the testator the entire will will be considered and the different parts compared in view of the circumstances existing when it was made. (*Fifer v. Allen*, 228 Ill. 507; *Spencer v. Spencer*, 268 Ill. 332; *Ashby v. McKinlock*, 271 Ill. 254.)''

In *Hollenbaugh v. Smith*, 296 Ill. 558, the court said: ''A fundamental and familiar rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given effect if not in conflict with an established rule of law or of public policy. (*Abrahams v. Sanders*, 274 Ill. 452; *Smith v. Dellitt*, 249 Ill. 113; *Bergman v. Arnhold*, 242 Ill. 218; *Bennett v. Bennett*, 217 Ill. 434.) The intention sought is not what may by inference be presumed to have been in the mind of the testator but that which he expressed by the words of his will. (*Bond v. Moore*, 236 Ill. 576.)    *    *    *

All the clauses and words of the will must be construed as intended to have some meaning and to have been used for some purpose and must be given effect in arriving at the intention. None can be arbitrarily rejected as meaningless or surplusage. 'A construction which requires the rejection of an entire clause in an instrument is not to be admitted except from absolute necessity.' *Winter v. Dibble,* 251 Ill. 200.''

It is also a familiar rule of construction that the law will presume that the testator intended to dispose of all his property by his will and the will will be so construed unless such presumption is clearly rebutted by the provisions of the will. *Walker v. Walker,* 283 Ill. 11; *Munie v. Gruenewald,* 289 Ill. 468.

In drawing the will which we are called upon to construe, the scrivener does not appear to have differentiated between the terms ''legacy and devise'' or the terms ''bequeath and devise'' in such of the paragraphs by which personal property is bequeathed and has used the word ''bequeath'' in the thirteenth, fourteenth and fifteenth paragraphs of the will in disposing of the real estate of the deceased.

Had the testatrix by the tenth paragraph simply provided that the residuum be divided between the persons named as legatees and stopped there, the question might be more open for discussion. But she did not do so. Thereafter, in the same paragraph, she specifies appellant, by name, as one of the persons to take under this paragraph and specifies his proportional share in the residuary estate.

Applying the above rule of construction to the will and codicil in this case, we think it clear that the testatrix intended that appellant should receive 10-94 of the residuary estate of testatrix to be distributed under the provisions of paragraph ten of the codicil to her will and that the circuit court erred in denying and dismissing appellant's petition.

The judgment of the circuit court is reversed and

the cause remanded for the entry of an order in conformity with the views expressed in this opinion.

*Reversed and remanded.*