MARY BRECHBELLER

*v.*

LUCY WILSON *et al.*

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. WILLS—*clear intent not to vest estate until time of distribution must be carried out.* A clear intention of the testator, as gathered from the entire will, not to vest a remainder until the time of distribution, must be carried out by the courts, notwithstanding the rule that the law favors the vesting of estates.

2. SAME—*rule as to vested and contingent remainders.* A remainder is vested if, after words giving a vested interest, a conditional clause for divesting it is inserted; but if the conditional element is incorporated into the description of the remainder-men or the gift to them, the remainder is contingent.

3. SAME—*when remainder does not vest until time of distribution.* Where a will creates a trust for the benefit of the widow and two minor children, and provides that upon the death of the widow the remainder of the estate shall be equally divided among such of the testator's four children (naming them) as may survive the widow or the issue of any such children as may have died before the widow, the remainder is contingent, and vests at the death of the widow in such of the testator's children, or their issue, as survive the widow.

APPEAL from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

Mary Brechbeller filed a bill for partition in the McLean county circuit court in which she alleged that she was the owner of an undivided one-fourth part of certain real estate which formerly belonged to her father-in-law, John Brechbeller, who died December 20, 1889, leaving a last will, which was afterwards admitted to probate in the McLean county court. Lucy Wilson, Nannie Belle Koos and Adolph F. Brechbeller, surviving children of John Brechbeller, and Charles Lamp, as trustee under the will of John Brechbeller, were made parties defendant. The defendants other than the trustee interposed a demurrer to the bill, which was sustained, whereupon the bill was amended, and the de-

murrer was extended to the amended bill and again sustained, and the complainant electing to stand by her bill it was dismissed for want of equity and a decree was rendered against the complainant for costs, from which Mary Brechbeller, complainant below, prosecutes this appeal.

The controversy here turns on the construction of the last will of John Brechbeller. By the first paragraph of said will the testator provided for the payment of his debts and funeral expenses. The second paragraph gives his daughter Lucy Wilson $300, to be paid out of the personal estate. The third paragraph devises to Frank Oberkoetter and Charles Lamp, as trustees, for the benefit of the widow and two minor children, Adolph F. and Nannie Belle Brechbeller, all of the residue and remainder of testator's property, to have and to hold in trust for the use and benefit of the widow and the two children above named, for the uses and purposes and subject to the limitations therein expressed. The fourth paragraph directs that the trustees shall have full charge of the estate, (with no power of sale,) and that they shall secure, collect, hold and invest, for increase and accumulation, all of his personal estate and the income from the real estate, and that the trustees shall from said income pay to the said widow such sums from the trust estate as shall be deemed necessary for her comfortable support during the term of her natural life if she remains unmarried, such payments to cease on her re-marriage; and said trustees are also directed to pay to the legal guardian of Adolph F. and Nannie Belle Brechbeller such sum or sums as shall be deemed necessary for their support and education until they attain their majority. The fifth is the paragraph under which appellant claims a one-fourth interest in the real estate in question. Whether appellant has such interest depends upon a construction of the fifth paragraph of the will. That paragraph is as follows:

"*Fifthly*—I direct that on the death of my said wife, Caroline Brechbeller, the said trust estate shall cease and

be determined, and that all of the residue, rest and remainder of my estate, real, personal and mixed, then remaining in the hands of said trustees, shall be equally divided among such of my four children, John Brechbeller, Lucy Wilson, Adolph F. Brechbeller and Nannie Belle Brechbeller, as may survive my said wife, or the issue of any of my said children who may have died before my wife, such issue to take the share which would have belonged to the parent; and in the event of the death of any one or more of my said four children without issue before the death of my said wife, then his, her or their share of said residue, rest and remainder of my estate shall belong equally to the survivors and the children of any who may have died leaving issue, such issue to take the share which would have belonged to the parent. And I hereby give, devise and bequeath to those of my said children who may be living at the time of the death of my said wife and to the issue of those of my said children who may have died as aforesaid, the said residue, rest and remainder of my estate in this fifth paragraph of my will mentioned, in the manner in this said fifth paragraph above stated, as their absolute property forever, in fee simple."

At the time of his death the testator, in addition to his widow and the three children above referred to, left another son surviving him, whose name was John Brechbeller. The last named son was the husband of the appellant, Mary Brechbeller. John Brechbeller, the son, died intestate January 10, 1893, never having made any disposition of his interest under the will, and leaving Herman Brechbeller his only child and heir-at-law. Herman Brechbeller died March 16, 1898, intestate, leaving his mother, appellant herein, as his only heir-at-law. Caroline Brechbeller, widow of the testator, died in 1906, having never re-married.

Edmund O'Connell, and D. D. Donahue, for appellant.

BARRY & MORRISSEY, for appellees.

Mr..JUSTICE VICKERS delivered the opinion of the court:

Appellant contends that paragraph 5 creates a vested remainder in the four children of the testator, subject only to be divested by death without issue before the life estate expired; that appellant's husband having died leaving issue, his interests became absolute, under the will, in his son, Herman, by whose death the estate passed to his mother, appellant herein. Appellees contend that the interests of the four children were contingent; that only those living when the life estate expired could take under the will, and that it was the intention of the testator that the issue of such of his children as might die before the life estate was extinguished should be substituted for the deceased child, and that the interests of such issue were contingent and would vest only in such issue as might be living at the time of distribution.

It is to be noted that by the third and fourth paragraphs of the will the testator devised the estate to the trustees to manage, control, invest and accumulate, and to pay out, from time to time, such sums as might be necessary for the support of the widow and for the nurture and education of the two minor children. There is nothing obscure or doubtful about the trust estate. It is to continue until the widow dies or re-marries. By the fifth paragraph the testator then directs that at the death of his wife the trust estate shall cease and be determined, and "that all of the residue, rest and remainder of my estate, real, personal and mixed, then remaining in the hands of said trustees, shall be equally divided among such of my four children (naming them) as may survive my said wife, or the issue of any of my said children who may have died before my wife, such issue to take the share that would have belonged to the parent."

Applying the general rule that the expressed intention of the testator, as gathered from a consideration of the

whole instrument, must be regarded as of controlling importance in the construction of the will, this court has held that where it clearly appears from the entire will that the remainder was not to vest until the period of distribution such intent must be carried out by the courts, notwithstanding the law favors the vesting of estates. (*Starr* v. *Willoughby,* 218 Ill. 485.) In *Cummings* v. *Hamilton,* 220 Ill. 480, it was held that where a life estate was devised and the remainder to Harry C. Cummings, provided that he survived the life tenant, the remainder was contingent. It was there said: "The property was to pass to Harry C. Cummings upon an uncertain and dubious event, viz., if he survived the life tenant, and was therefore a contingent remainder." The testator may control his estate until the time for division or distribution arrives. (*Ebey* v. *Adams,* 135 Ill. 80.) In the case at bar the testator devised his estate to the trustees during the life or widowhood of his wife, and directed the trustees, upon the death of the life tenant, to divide the residue among such of his children as survived the widow and the issue of such as might have predeceased the life tenant, and providing that the issue should receive the share that would have gone to the parent. Reading the fifth clause of the will in connection with the third and fourth clauses, it seems clear that the testator intended to postpone the vesting of the estate until the life estate expired, and at that time the estate should be divided among such persons as answered the description of "children or issue of deceased children" at the period of distribution. Appellant was not in either class, hence had no interest in the estate.

The estate of the children, under the fifth clause, was a contingent remainder. Gray, in his Rule Against Perpetuities, (sec. 108,) lays down the following clear test for distinguishing between a vested and a contingent remainder: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is in-

corporated into the description of or the gift to the remainder-man, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus, a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death; but a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." The above statement of the rule is in accordance with the previous decisions of this court. *City of Peoria* v. *Darst*, 101 Ill. 609; *Smith* v. *West*, 103 id. 332.

The appellant had no interest in the premises, and the court properly dismissed the bill for want of equity. The decree is affirmed.

*Decree affirmed.*