SAMUEL HARVEY KEEFER, Appellee, *vs.* WILLIAM S. McCLOY, Exr., *et al.* Appellants.

*Opinion filed June 18, 1931.*

SHELDON & BROWN, and JOHN M. STAGER, for appellants.

PHILIP H. WARD, A. J. SCHEINEMAN, and J. J. LUDENS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question in this case regards the construction of the fourth clause of the will of Phebe A. Keefer, who died a widow on July 5, 1929. Her will was probated and admitted to record in the county court of Whiteside county on October 23, 1929. Her heirs were her son, the appellee, Samuel H. Keefer, and her daughter, Genevieve K. McCloy, the former married to Charlotte Keefer and the latter to William S. McCloy. William S. and Genevieve K. McCloy have two children, Jean and Isabel, each of whom is over twenty-one years old. The estate of Phebe A. Keefer consisted of 270 acres of land and $7500 worth of personal property, and her debts and the legacies in her will did not exceed $3000. After providing for the payment of her funeral expenses and debts, disposing of her household goods and bequeathing legacies of $1000 each to her two grand-daughters, the testatrix by the fourth paragraph of her will devised and bequeathed all the residue of her estate to her son-in-law, McCloy, in trust to keep all the property in repair and insured and to pay taxes on it; after paying funeral expenses, debts and legacies to divide the net annual proceeds between the testatrix's two children, naming them; in case of the death of either of her children to divide the income between the surviving child and the issue of such deceased child; in case the son should die leaving no issue of his body surviving him but leaving a wife, to pay one-half of the income to such surviving wife during her life or until she should re-marry, and after her death or re-marriage to pay the income to the testatrix's daughter, Mrs. McCloy, if she then be living, or to her surviving children if she be deceased, "it being my will that after the decease of both of my said

children and the death or re-marriage of the surviving wife of my said son, Samuel Harvey, and the arrival, after the death of both of my said children, of the eldest of my living grandchildren at the age of thirty years, the trust herein created shall cease and terminate, and my said trustee or his successor in trust shall convey by deed all of my said real property or such part thereof, if any, as shall then be in existence to my grandchildren, then living, as tenants in common." The following is the fifth paragraph of the will:

"Fifth: As a limitation upon the fourth clause of my will and for the purpose of vesting further powers in my trustee and his successor in trust, if any, I hereby grant to said trustee or his successor in trust, power, in case in the exercise of his reasonable judgment and with the consent in writing of the *cestui que trustents* it should become expedient to sell my said real estate or any part thereof, he is hereby authorized and empowered so to do."

The will nominated William S. McCloy as executor without bond, and upon its probate letters testamentary issued to him. On September 2, 1930, the testatrix's son, Samuel H. Keefer, filed his bill in the circuit court of Whiteside county for a construction of the will, for a decree that the legacies to the testatrix's two grandchildren and the devise to the wife of the complainant are in violation of the rule against perpetuities and void, that the complainant is the owner of one-half the property left by the testatrix, that the provisions of the will relating to the real estate and the trust are void and that partition be made of the premises. Genevieve K. McCloy and her two daughters, her husband as executor and trustee, Habben a tenant, and Charlotte Keefer, the wife of the complainant, were all made defendants. McCloy, as executor and trustee, his wife and their two daughters, joined in an answer. The other defendants were defaulted, and the cause was referred to a master. The facts were stipulated, the cause was heard upon the master's report of the evidence and his conclusions,

the exceptions to the report were overruled, and a decree was rendered that a proper construction of the fourth clause is, that at the termination of the trust the title to the lands is given to the then surviving grandchildren of the testatrix, and that the estate so devised is contingent and may not vest in any person within the time allowed by the rule against perpetuities and is void; that the fourth clause is an entire and complete scheme for the control and disposition of the property remaining after the payment of the debts and bequests, including the real estate; that to hold part of the clause covering the administration of the *corpus* void would defeat the whole scheme of the testatrix as to the disposition of her property and the whole fourth clause must be held invalid; that the property attempted to be disposed of by said clause falls under the operation of the Statute of Descent and vests in Samuel H. Keefer and Genevieve K. McCloy, as the heirs-at-law, as tenants in common; that no person other than Samuel and Genevieve, and Habben, the tenant, has any interest in the real estate, and that the complainant is entitled to a decree of partition. Commissioners were appointed to make partition, and the defendants, William S. McCloy, as executor and trustee, Genevieve K. McCloy, Jean McCloy and Isabel McCloy, appealed.

The rule against perpetuities is, that "no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." (Gray's Rule Against Perpetuities, sec. 201.) If the provisions of a will are such that under them a violation of the rule against perpetuities may possibly happen, then the devise of interests dependent on such provisions is void. The improbability of the occurrence of the contingency upon which the estate must vest, if at all, after the time prescribed by the rule, is immaterial. If it can possibly happen after that time an interest conditional on it is too remote. Gray's Rule Against Perpetuities, sec. 214;

Tiffany on Real Prop. sec. 180; *Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419; *Easton* v. *Hall,* 323 id. 397; *Millikin Nat. Bank* v. *Wilson,* 343 id. 55.

The final distribution of the estate of the testatrix was directed by her will to be made after the death of both of her children, after the death or re-marriage of the surviving wife of her son, and after the arrival at the age of thirty years of her oldest living grandchild. It was possible that the concurrence of these three events might occur as early as February 14, 1935, when the older of the two grandchildren, if living, would reach the age of thirty years. Before that time both the testatrix's children and her son's wife might have died, and in that case the events upon the happening of which the trustee was directed to convey to the grandchildren of the testatrix then living share and share alike would have occurred. The remainder to each of the two grand-daughters was contingent, because it was dependent, in the case of each, on her being alive after the death of the two children of the testatrix and after the death or re-marriage of the son's wife and also at the time when the oldest of the testator's grandchildren living at that time had become thirty years of age. On the other hand, it was possible that the last of these events—the coming to the age of thirty years of the oldest living grandchild—might not occur until after the expiration of the lives in being, upon which the final vesting of the estate depended, and twenty-one years after the death of the last survivor. It was possible that the daughter of the testatrix, her two grand-daughters and her daughter-in-law (the wife of her son) might all die soon after her death and that her son might then marry again and have several children and die. All these events might occur before 1935, and the oldest grandchild might have been born in 1930, after the death of the testatrix. The estate would not vest in the grandchildren of the testatrix, all of whom would have been born after her death, until the oldest grandchild living at the

death of the testatrix's son was thirty years old. If that grandchild should prove to be the first-born of the testatrix's son his or her thirtieth birthday would be in 1960, which might be twenty-five years or more after the death of the last survivors of those whose lives measure the limit within which the estate must vest to comply with the rule against perpetuities.

Another possibility which might occur is the death of Samuel H. Keefer's wife, followed by his marriage to a woman born after his mother's death and by the birth of children. She might very well survive Samuel and all the other beneficiaries under the will more than twenty-one years and die leaving a number of children, one of whom might be the oldest of the living grandchildren of the testatrix and still lack several years of thirty years of age. The period of distribution would thus be extended several years beyond the time prescribed by the rule against perpetuities.

The final disposition of the estate was to the testatrix's grandchildren living after the death of her son, her daughter and her son's wife and the arrival at the age of thirty years of her eldest grandchild. Survival at the time of the occurrence of all these events being necessarily a condition precedent to the estates of the grandchildren coming into existence, they were contingent, (*Brechbeller* v. *Wilson,* 228 Ill. 502; *Millikin Nat. Bank* v. *Wilson, supra;*) and if the happening of the condition might possibly be postponed until a time beyond the limitation prescribed in the rule against perpetuities the estates dependent on the condition were void, regardless of the fact that the condition might be complied with within the time prescribed. The question of the application of the rule against perpetuities must be determined as of the time of the creation of the estate and not according to the facts as they may subsequently occur. *Easton* v. *Hall, supra; Millikin Nat. Bank* v. *Wilson, supra.*

It follows from what has been said that the provision for the final conveyance of the real property to the testatrix's grandchildren may extend the time for such conveyance beyond the limit permitted by the rule against perpetuities and is therefore void.

The appellants insist that the appellee has estopped himself by the construction which he has himself placed upon the will in his bill and the stipulation entered into in regard to the facts. This claim is based on such allegations in the bill as that Samuel H. Keefer, Genevieve K. McCloy, Jean McCloy, Isabel McCloy and Charlotte Keefer are the only legatees and prospective legatees under the will; that Samuel H. Keefer, Genevieve K. McCloy, Jean McCloy, Isabel McCloy and Charlotte Keefer are the only persons now in being who may be benefited under the residuary trust created by the will; that the aforesaid property is the only real estate owned in common by the parties to this suit and that no other person or persons than the parties above named have any interest in or title to the premises or any part thereof, in possession, remainder, reversion or otherwise, and the statement in the stipulation that it is further agreed that Samual H. Keefer, Genevieve K. McCloy, Jean McCloy, Isabel McCloy and Charlotte Keefer are the only legatees and/or devisees under the last will and testament of Phebe A. Keefer, deceased. There are two answers to this contention: First, neither the statements in the bill nor the agreements in the stipulation constitute a construction of the will. The nature of the bill prohibits the construction that its statements are admissions of title in the McCloys to the premises. The bill alleges that it is the contention of the McCloys that by the will the complainant received only the income from one-half the property, and the contention of the complainant is that the will is void in regard to the residuary estate and that it violates the rule against perpetuities, and that by reason of said violation the complainant is entitled to one-half the fee simple and that

the bequests after the life of Genevieve K. McCloy and Samuel H. Keefer are void. The allegations that the Mc-Cloys and the complainant are the only prospective legatees in the will and the only parties having any interest in the premises, and that the premises are the only real estate owned in common by the parties to the suit, are statements of the claims of the parties and not an admission of their truth, but their truth is denied by the statement of the complainant's claim that the will is void and that it violates the rule against perpetuities, and the prayer that its provisions, so far as they relate to the real estate, be set aside and declared null and void. The stipulations are no broader and no more effective as admissions than the allegations of the bill. Second, the rule against perpetuities is a rule of law and not a rule of construction. The bill sets out the will and asks a construction of the court as to its meaning, and the court must base its decree on the instrument and not on any admissions which may be made in regard to its effect.

The trust created by the will is a part of the testatrix's scheme for the management and control of her property after the payment of her funeral expenses, debts and legacies, and for the final disposition by the trustee of the real estate in the manner and at the time provided in the will. This was the sole purpose of the trust, and it cannot be supposed that the testatrix would have created the trust if she had known that its final object (the distribution of her estate to all her grandchildren in the manner provided by the will) could not be carried out but would fail. *Pitzel v. Schneider,* 216 Ill. 87; *Dime Savings and Trust Co. v. Watson, supra.*

The decree of the circuit court is affirmed.

*Decree affirmed.*