Eugenie M. Leahy et al., Appellees, v. Thomas Vincent Cannon, Individually and as Trustee Under the Will of Denis J. Leahy, Deceased, Appellant.

Gen. No. 40,472.

Opinion
filed June 19, 1939.

LOUIS N. GROSSMAN, of Chicago, for appellant.

CHARLES H. MITCHELL, HERMAN J. SHAPRIN and WILLIAM C. GREATMAN, all of Chicago, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiffs filed their complaint asking for a construction of the will of Denis J. Leahy, deceased, with special reference to clause 10, which purported to create a trust; the trial court held this provision void and defendant appeals.

August 1, 1935, the complaint was filed by the heirs of Denis J. Leahy, and the defendant is the executor and also the trustee named in clause 10 of the will. This clause conveys to defendant as trustee the residuary estate, approximately $31,000, for certain purposes. In his answer to the complaint defendant asked for instructions from the court with reference to distribution of the funds in his hands as trustee; the decree,

after finding that clause 10 creating the trust was void, found that plaintiffs were entitled to the residuary estate.

Plaintiffs say that clause 10 of the will is too indefinite and uncertain as to the beneficiaries and therefore void, and also that it violates the rule against perpetuities.

July 24, 1929, Denis J. Leahy died; his will is dated November 18, 1927, in which he nominated defendant as executor and trustee; after making certain specific bequests he devised and bequeathed in clause 10 all the rest of his property to defendant, ''or in the event of his failure, refusal or inability to act, to whomsoever the court probating this my last will may designate, in trust nevertheless for the following uses and purposes:

''For the period of six months following my death to seek out and find the names and addresses of the persons, firms and corporations, or where such . . . are not in existence, the names and addresses of their heirs, administrators, successors and assigns, to whom at the time of my settlement with creditors in the year 1892 there was due and owing from me certain monies and to whom, pursuant to the said settlement, there was not paid the full amount of the money at that time due and owing; that all of said persons, firms and corporations, their heirs, administrators, successors and assigns, whose present whereabouts are so found by him at the expiration of said period, shall constitute a class who shall be the *cestui que trustant* of this trust, subject, however, to be added to by the discovery of any other persons, firms or corporations fulfilling the qualifications of the above described class before the final distribution of the monies contained in the said trust.

''The said trustee is, in his discretion and without any right on the part of any of the said *cestuis* above-described to demand and receive any sum, to pay to each of such persons, firms or corporations, constitut-

ing said class, their heirs, administrators, successors and assigns, from the monies coming to his hands as trustee, as his portion of the trust fund, that proportion of the total monies coming to his hands which the monies unpaid to each of said persons, firms or corporations so receiving said sums bears to the whole of said monies remaining unpaid to all the members of said class constituted as above.

"I have, during my lifetime and to the best of my ability, sought out the said persons, firms and corporations, their heirs, administrators, successors and assigns, and leave herewith a letter of instruction for the guidance and information of my said trustee, in which said letter I have given the names of said persons, firms and their heirs, administrators, successors and assigns, and their last known addresses, together with amounts of monies unpaid to them at the time of my settlement with creditors.

"After determining the said class as above described, the said trustee shall promptly make distribution among the said class of all the monies remaining in my estate, it being my intention to exhaust the whole of any monies remaining in my estate among those who can now be found of my former creditors upon an equal percentage basis and that forthwith this trust shall terminate."

September 25, 1934, defendant filed his first and final account as executor, to which plaintiffs filed objections, and an order was entered in the probate court of Cook county, Illinois, continuing the hearing on these objections until the termination of the instant proceedings.

Clause 10 provides that for a period of six months following testator's death the trustee shall seek out and find the names and addresses of the persons, firms and corporations who at the time of a settlement made with creditors in 1892 did not receive payment in full. The evidence tends to show that after this settlement the testator's financial condition became much im-

proved and he very worthily intended by this provision in his will to pay in full such of his creditors who had not received full payment at the time of the settlement in 1892.

The trustee must ascertain the names and addresses of these creditors within six months, but he is not directed to distribute at any specified time, but "promptly." The provision also says that none of these creditors shall have the right to demand or receive any sums from the residuary estate, thus leaving the name of any creditor and the amount to be paid him solely within the control of the trustee.

In a sworn answer filed September 27, 1937, defendant says that prior to the time the complaint was filed, "he visited New York and made a search for some of his (testator's) creditors, and those whom he found stated that due to the fact that it was such an old matter it would be necessary for them to refer to their books and records; that as soon as this was done they would communicate with him; that he engaged a person in New York City to make a search for said creditors and received substantially the same report from said person; that after this suit was filed he discontinued the search for said creditors, pending the outcome of this law suit." Defendant's position seems to be that he is unable to locate the testator's creditors, and he asks the court for directions as to the disposition of the funds in his hands belonging to this residuary estate.

The will provides that if the trustee shall fail to perform his duties the probate court shall appoint a trustee to act. Plaintiffs do not ask that defendant be removed for failure to perform his duties as trustee and another trustee appointed in his stead; and the will provides that none of the creditors may make any demands upon him. The situation results in an *impasse*.

Plaintiffs charge that defendant has embezzled over $20,000 of the residuary estate; that his final account shows this. Moreover, it appears that defendant refused to answer certain interrogatories propounded to him on the ground that if he answered he would incriminate himself and would be subject to criminal prosecution.

In *Orr v. Yates,* 209 Ill. 222, it is said that the declaration of a trust must be reasonably certain in its terms and, among other things, must with certainty include the beneficiaries or persons in whose behalf the trust is created, the nature and quantity of interests which they are to have and the manner in which the trust is to be performed; that "If the language is so vague, general or equivocal that any one of these necessary elements of the trust is left in real uncertainty, the trust must fail." Other cases to the same effect are *Estate of Marble v. Marble,* 304 Ill. 229; *Snyder v. Snyder,* 280 Ill. 467; *Illinois State Trust Co. v. Jones,* 351 Ill. 498, 506.

The provision in question specifically denies the right on the part of any creditor to demand and receive any part of the residuary estate, and provides that the payment to him shall be solely in the discretion of the trustee. In *Wilce v. Van Anden,* 248 Ill. 358, the opinion quotes from Story's Equity Jurisprudence, sec. 1070: "Wherever, therefore, the objects of the supposed recommendatory trusts are not certain or definite; . . . wherever a clear discretion or choice to act, or not to act, is given; . . . in all such cases courts of equity will not create a trust from words of this character."

Clause 10 of the will contains a provision that the testator leaves herewith "a letter of instruction for the guidance and information of my said trustee, in which said letter I have given the names of said persons, firms and their heirs, administrators, successors and assigns, and their last known addresses, together

with amounts of monies unpaid to them at the time of my settlement with creditors.'' The attorney who drew the will testified that no letter of instructions was left with him, and this seems to be conceded. Apparently the testator left with the attorney a list of names. This list was not produced on the trial but an alleged typewritten copy was offered; objection was made that this was not sufficiently identified as a copy of the document left by the testator, and it was sustained. In the case of *Atwood v. Rhode Island Hospital Trust Co.,* 275 Fed. 513, the will provided that the remainder of the estate should be disposed of to such persons as the testator ''may have instructed or shall hereafter instruct said Trust Company''; the court held that the disposition of the residuary estate could not be made ''by the shifting provisions in the trust instrument.''

The trial court held that clause 10 is void as violating the rule against perpetuities. The will in this case was dated in 1927, the testator died in 1929, the will was probated in 1930, and no distribution has yet been made of the residuary estate. The trial court held that there was no obligation on the part of the defendant to dispose of the residuary estate within 21 years after some life in being at the creation of the trust. If this is true, the provision is void as a violation of the rule against perpetuities. *Keefer v. McCloy,* 344 Ill. 454. The court rested its opinion upon the fact that none of the persons who were the creditors in the year 1892 has any right to make a claim for any part of the residuary estate; that the time of distribution was within the unhindered discretion of the trustee.

While we would be inclined to hold that a court of equity could of its own motion compel a trustee to perform the duties of the trust, yet here the trustee says in effect that the duties cannot be performed; that he cannot ascertain the names of the creditors referred to in the will nor the amounts of their respective claims which have not been paid; he asks the court for direc-

tions as to what disposition he shall make of the residuary funds in his hands. But whether or not clause 10 is void for the reasons urged is immaterial. Here the trustee was directed to distribute the residuary estate "promptly" after the expiration of six months following the death of the testator; as he died in July, 1929, this six-month period ended January, 1930, and yet at the present date—over nine years thereafter—the names of the creditors and the amounts owing them have not been ascertained. Under these circumstances the bequests under clause 10 have lapsed and these funds should be turned over to the heirs at law as part of the intestate estate, to be divided as instructed in the decree.

Other points are suggested which are not of decisive importance. The decree of the trial court in its disposition of the residuary estate accords with justice, and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.