(No. 26992.—

HERBERT C. SMITH, Exr., Appellant, *vs.* ROSE RENNE *et al.,*
Appellees.

*Opinion filed January 21, 1943.*

John P. Snigg, and G. E. Nelson, for appellant.

Davison & Davison, and Edward Pree, for appellees.

Mr. Justice Gunn delivered the opinion of the court:

A complaint was filed in the circuit court of Sangamon county by the executor of the will of Luella Melton for a construction thereof. The appellees, heirs-at-law of the deceased, filed a cross complaint claiming the provision of the will disposing of the real estate and personal property was void as violating the rule against perpetuities. The

circuit court held the will violated such rule, and that the real estate passed as intestate property, and awarded partition. The executor files his appeal in this court, because a freehold is involved.

After providing for the payment of debts, funeral expenses and disposing of certain personal property the will provides:

"SECOND—After the payment of such funeral expenses and just debts, I hereby give, devise and bequeath to Mrs. Mary Gilkenson Smith, Springfield, Illinois my electric Sewing Machine, all the rest of my Household furniture and personal effects—to my niece by marriage, Mrs. Vern Alkire, Springfield, Illinois. All the rest of my estate both Real and Personal to Herbert C. Smith and Orval M. Morgan as Trustees under this Will, to be held for a period of 5 years or until such time as in their opinion it could be sold to best advantage, during the period the property is being held, the income, after taxes, upkeep and all other expenses are paid, shall be divided as follows: 2/6 of the income to Hollins Duhan or his successors in the work of the Christian Church Mission in the French Field in Louisiana, U.S.A. 1/6 of the income to each of the following: J. T. Chase and his successors in the work of the Christian Church Mission in Korea, Mrs. Rose Renne, Springfield, Illinois, Leonard Melton, Springfield, Illinois and Herbert C. Smith, Springfield, Illinois. When all the Real Estate has been sold then the Trustees will pay to each of the following the sum of $300.00 (three hundred dollars). Franklin Melton, Harold Alkire, Orval M. Morgan of Springfield Illinois and James DeGouveia of Chicago and to Herbert C. Smith, if living, the sum of $500. (five hundred dollars). In the event of the death of Herbert C. Smith $500. shall be paid to Mrs. Mary Gilkinson Smith the remainder of the estate to be invested and held as a Trust fund, the income from which to be divided as follows: 1/2 (one half) to Hollins Duhan and his successors in the work of the Christian Church Mission in The French Field in Louisiana, U.S.A. 2/6 (two-sixths) to J. T. Chase and his successors in the work of the Christian Church Mission in Korea, 1/6 (one-sixth) to Mrs. Rose Renne, Springfield, for the period of her lifetime, at the death of Mrs. Rose Renne this amount 1/6 to go to Hollins Duhan and his successors in the work of the Christian Mission in French Field in Louisiana, U.S.A."

While several questions are discussed, the one which is decisive of this appeal is whether the provisions of clause second above violated the rule against perpetuities. At the outset it is claimed there is no devise to the trustees because

the words "devise and bequeath" are not included in the sentence disposing of the residue of the property. These words do appear in the first sentence of clause two, and the mere omission of the word "and" between the sentence giving away personal property and the disposal of the residue, is not material if the will clearly shows the testatrix intended the title to pass. There can be no doubt from the many duties and requirements to be performed by the trustees that it was her intent to pass the title to the residue to them, and in such cases we have many times held a word may be supplied in a will to effectuate its intent.

The rule against perpetuities requires that every interest subject to a condition precedent after its creation must vest in someone within the life or lives of those in being and twenty-one years and nine months thereafter. (*Kolb* v. *Landes,* 277 Ill. 440.) When lives form no part of the postponed period the limit of time within which an estate must vest is twenty-one years. (*Reid* v. *Voorhees,* 216 Ill. 236; *Johnson* v. *Preston,* 226 id. 447.) It is also the rule that if by any possibility the estate will not vest within the time required by the rule the devise is void. (*Aldendifer* v. *Wylie,* 306 Ill. 426.) In determining whether a disposition of property by will offends the rule of perpetuities the intention of the testator must be first ascertained, and then the rule applied, as it is a rule of law and not one of construction. *Thomas* v. *Pullman Trust and Savings Bank,* 371 Ill. 577; *Johnston* v. *Cosby,* 374 id. 407.

The ultimate gifts under this will, excluding the specific legacies amounting to $1700, go to charities. Courts of equity are jealous in their protection of charities, and will not allow them to fail if a reasonable construction of the will permits. (*Morgan* v. *National Trust Bank,* 331 Ill. 182; *Summers* v. *Chicago Title and Trust Co.* 335 id. 564; *Farmers and Mechanics Bank* v. *Griffith,* 352 id. 323.) The will in this case directs the trustees to hold the real and personal property for a period of five years, or until such time as in their opinion it could be sold to the best

advantage, etc. It was held by the circuit court that under this direction the trustees could possibly prevent the estate from vesting by postponing a sale, necessary to vest the title in the charities, for a period of more than twenty-one years. Assuming, but not holding, that the sale could be made after the expiration of the first five-year period mentioned, it is nevertheless settled that where there is a general direction to trustees to sell, without fixing a time of sale, it is their duty to sell the property within a reasonable time, and they can be compelled to do so to prevent a failure of the purposes of the trust. *Knight* v. *Gregory,* 333 Ill. 643; Gray on Perpetuities, sec. 478; 21 R. C. L. 307.

Where no time is mentioned in connection with a general direction to sell, the requirement that the trustee sell within a reasonable time, and the power of a court of equity to require a sale within a reasonable time, prevent the rule against perpetuities from operating. (*In re Smedley,* 1 Chan. 334; *Miller* v. *Weston,* 67 Col. 534, 189 Pac. 610; *Cresson* v. *Ferree,* 70 Pac. 446; *Cooper Estate,* 150 Penn. 576, 24 Atl. 1057; *Brandenburg* v. *Thorndike,* 139 *Mass.* 102, 28 N. E. 575; *Plummer* v. *Brown,* 315 Mo. 627, 287 S. W. 316; *Duggan* v. *Slocum,* 92 Fed. 806; *New Haven Young Men's Inst.* v. *New Haven,* 60 Conn. 32, 22 Atl. 447; *Shoemaker* v. *Newman,* 65 Fed. (2d) 206.) All of the cases cited hold a reasonable time within which trustees must make a sale is less than twenty-one years. If, however, the provisions of the will are such that the conditions therein prevent the trustees from vesting the title to the land, or the proceeds thereof, within the period prescribed by the rule, the conditions become effective to invalidate the gift, because the court has no power to compel the trustee to make a sale or vest the title contrary to the time fixed by the will itself.

The authorities cited by appellee are all cases where neither the trustee nor the court could do anything to prevent the possibility of more time expiring to vest the estate

than is allowed by the rule against perpetuities. In *Johnston* v. *Cosby, supra,* the conditions required to be observed by the trustee before a sale could be had exceeded the lives of those in being and twenty-one years. The same is true of *Keefer* v. *McCloy,* 344 Ill. 454. The distinction is pointed out in the last-mentioned case in the following language: "If the happening of the condition might possibly be postponed until a time beyond the limitation prescribed in the rule against perpetuities the estates dependent on the condition were void, regardless of the fact that the condition might be complied with within the time prescribed." *Morgan* v. *National Trust Co., supra,* involved the question whether a gift to trustees of a fund to help needy students was prevented from being a charity because the trustees were permitted to charge interest, and the rule was only referred to incidentally in the general discussion of the principal question. In *Beatty* v. *Stanley,* 298 Ill. 444, the discretion of the trustees to sell did not arise under the terms of the will until a time in violation of the rule. In *Johnson* v. *Preston, supra,* the sale was postponed until after the act of another person which might or might not happen within twenty-one years. It is to be observed also in the latter case that the rule would have applied because the sale by the trustees was postponed for twenty-five years, without being dependent upon any life or lives. None of these conditions are present in the Melton will. There is no condition present which possibly would defer a sale by the trustees for a period of twenty-one years. *Bigelow* v. *Cady,* 171 Ill. 229, is not in point, as the devise was to individuals, in which case a trust to endure indefinitely or forever is void, but this is not true when the devise is to a charity, for a charitable trust may be perpetual. (*Alden* v. *St. Peter's Parish,* 158 Ill. 631; *Abend* v. *Endowment Fund Com. of McKendree College,* 174 id. 96.) The rule is even broader, as a gift to charity, with a limitation over to another charity on the happening

of a certain contingency which may or may not happen, does not violate the rule against perpetuities. *Dickenson* v. *City of Anna,* 310 Ill. 222.

We have discussed the question thus far upon the premise that the trustees were not bound to proceed to a sale within five years of the date of the death of the testatrix. Examination of the will, however, discloses that the testatrix intended the sale to take place as soon as convenient and that the five-year period was fixed more as a limitation within which a sale could be made rather than a prohibition to sell before that time. As a matter of fact there is no inhibition against making a sale immediately. This impression is strengthened by the terms of the instrument itself. Gifts of money are made to five individuals, and a substitutional gift is made in the case of only one. It is not reasonable to assume that the testatrix intended each of these beneficiaries of a gift of $300 should wait twenty-one years after her decease to obtain it.

Then, also, there is a gift of a life estate in the proceeds of the sale to Mrs. Rose Renne for a period of her lifetime, and it would appear unreasonable to believe that the testatrix intended the possibility of compelling her to wait more than twenty-one years before she would have a beneficial interest in the proceeds of the sale. And, finally, there is a provision that the trustees, until the property is sold, shall pay taxes, upkeep and other expenses, but there is no provision for refunding of mortgage indebtedness, and it appears from the pleadings that a part of the real estate is either encumbered or acquired upon contract, which would require prompt rather than delayed action upon the part of the trustees. In either event, whether the will contemplated that the trustees had a five-year limitation within which to make a sale of the property in order to vest the proceeds in the trustees for the charities, or whether some time in excess of five years is necessary to effectuate a sale, still it must be disposed of within a reasonable time, which

is less than twenty-one years, and the gift does not violate the rule against perpetuities.

The charitable trusts in the will under consideration were vested with five sixths of the estate when the property was sold, and the remaining one sixth at the same time was vested in Mrs. Rose Renne for her life and at her death was to be vested in one of the designated charities. The interest in each instance vested within a period not in violation of the rule against perpetuities. The *corpus* of the trust vests in the charities, and in the life tenant, immediately upon the sale, and there is a positive gift to each of them that can be effected only by a sale of the property, and under the authorities there is a clear direction to convert the real and personal property into money. *Wattjes* v. *Faeth,* 379 Ill. 290.

It is finally contended, however, that the principal trust fund is not disposed of by the will, but this is no objection in a charitable trust, as such a trust may continue indefinitely, and property be tied up forever in the hands of trustees without violation of the rule against perpetuities. The provision giving Mrs. Rose Renne the income from one sixth of the proceeds of the sale for her life does not affect the result as to this moiety, as the vesting of the interest in the charities is within one life and twenty-one years. In the will of Luella Melton there was a direction for a lawful disposition of the entire estate within a period not in violation of the rule against perpetuities, and consequently the circuit court was in error in holding that clause two of the will was void, and that the heirs-at-law were entitled to partition.

The decree of the circuit court of Sangamon county is reversed, with directions to dismiss the cross complaint and to proceed in a manner not inconsistent with the views expressed herein.

*Reversed and remanded, with directions.*