KATIE B. DEISS, Plaintiff-Appellant, v. MERLE L. DEISS, SR., Indiv. and as Trustee, *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0599

Opinion filed March 9, 1989.

Charles L. McNeil, of McNeil & McNeil, of Mason City, for appellant.

William H. Knuppel, of Boggs & Knuppel, P.C., of Havana, for appellees.

Wayne P. Coffelt, of Fleming, Messman & O'Connor, of Bloomington, guardian *ad litem*.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Katie B. Deiss appeals the circuit court's order denying her petition for declaratory judgment. Plaintiff contends the *inter vivos* trust of which she is a codonor is void because it violates the rule against perpetuities and the circuit court's finding to the contrary is erroneous. We affirm.

Plaintiff Katie B. Deiss and her husband, Rudolph V. Deiss, established an irrevocable trust on January 29, 1969, with their son, Orville Deiss, as trustee. The corpus of this trust consists of a house in Mason City and farmland located in McLean, Logan, and Mason Counties in Illinois and farmland in Jewel County in Kansas. The trust provides that the trustee shall manage the real estate and pay the mortgages and other encumbrances on the property out of the income received from farming the property. Any net income is paid to Rudolph and Katie. The trustee is given the power to "lease and release" the real estate, including leasing the tract which the trustee then occupied to himself as well as leasing the remaining tracts to the other sons of the donors, Rudolph V. Deiss, Jr., Merle Deiss, and LeRoy Deiss. The trustee is also given the power to mortgage and remortgage the trust property.

At the first death of Rudolph and Katie, all of the income of the trust is paid to the survivor of them. Rudolph Deiss died on Novem-

ber 15, 1973. The trust continues until Katie's death and all of the mortgages on the trust property are paid in full. After both conditions are met, the corpus and accumulated income of the trust is divided as follows:

| | |
|---|---|
| Orville Deiss | farmland in Mason County |
| Rudolph V. Deiss, Jr. | farmland in Logan County |
| Merle Deiss | farmland in McLean County |
| LeRoy Deiss | house in Mason City, Illinois, and farmland in Kansas. |

Each child of the donor receives a life estate in the property and the remainder passes to the children of each named child (grandchildren of the donors), or to his children (great-grandchildren of the donors), should a grandchild predecease his parent.

On July 1, 1987, the plaintiff filed a complaint for declaratory judgment, praying that the trust be declared void because it violates the rule against perpetuities and that the court declare that the defendants, the sons of the plaintiff as well as the present living grandchildren and great-grandchildren of the plaintiff, have no interest in the trust property. A guardian *ad litem* was appointed to represent the minor beneficiaries.

In the instant case, the remainder interest is described as follows:

"[U]pon the death of the survivor [of the donors] this trust shall continue until mortgages on the real estate \*\*\* has [*sic*] been paid in full and both [d]onors are deceased. At the time that both of these conditions are met, the corpus and accumulated income of the trust shall be divided [with specific parcels going to each of the four sons for life] \*\*\* with remainder [in such parcels] to his children, the children of any predeceased child to take the share their parent would have taken if living. \*\*\* Should any of our children die leaving no child or children, or descendants of a child or children surviving, their share shall go, in equal shares, to their brothers or the children thereof per stirpes."

After hearing argument from the parties, the court found that the trust did not violate the rule against perpetuities and denied plaintiff's petition.

Plaintiff argued in the trial court that the remainder interests are contingent because two conditions must be met before the interests vest: the mortgages must be paid in full and the children must survive the death of the life tenant of the property. Plaintiff argued that the mortgage condition *delayed* vesting, and because it is possible that

any of the children of the plaintiff, all lives in being at the creation of the interest, could die before the plaintiff and before the mortgages are paid, vesting may not occur within 21 years after their death. This violates the rule against perpetuities and, therefore, the trust is void.

The defendants, Merle, Sr.; Stacia; Merle, Jr.; Lynette; Steve; LeRoy; and Susan, argued in the trial court that the remainder interests were vested at the time the trust was created. These defendants urged that the payment of the mortgages affected the *quantum* or amount of the estate and not the time of its vesting. Because the remainder interests were vested, the defendants argued that the rule against perpetuities does not apply and therefore the trust is valid.

Plaintiff now urges that the trial court erred in concluding that the remainder interests are vested and that the payment of mortgages does not delay vesting but refers to the quantum of the estate conveyed. Plaintiff urges that *Johnson v. Preston* (1907), 226 Ill. 447, 80 N.E. 1001, and *Trabue v. Gillham* (1951), 408 Ill. 508, 97 N.E.2d 341, govern this case. Plaintiff also represents that the so-called "quantum theory" does not apply to this case.

The guardian *ad litem* urges that the payment of mortgages by the trustee affects the quantum of the estate received by the beneficiaries and does not prevent the vesting of the interest at the time of the creation of the trust. Thus, the remainder interests are vested and the rule against perpetuities does not apply. Among other cases, the guardian *ad litem* directs our attention to *Ducker v. Burnham* (1893), 146 Ill. 9, 34 N.E. 558.

Similarly, several of the defendants on appeal urge that the interests are vested remainders because there is no uncertainty as to who takes the property after the retirement of the mortgages and the deaths of the plaintiff, as surviving donor, and all the named life tenants.

■ The rule against perpetuities concerns the remoteness in the vesting of interest. It provides:

> "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." (J. Gray, The Rule Against Perpetuities §201, at 191 (4th ed. 1942).)

The rule against perpetuities does not apply to vested interests and the postponement of enjoyment or possession does not bring the interest within the rule. (*Chicago Title & Trust Co. v. Shellaberger* (1948), 399 Ill. 320, 334, 77 N.E.2d 675, 683.) Since the rule against perpetuities does not apply to vested interests, it must be determined

whether the language in the document before us created a vested or contingent remainder.

Initially, we note as did the supreme court in *Warren-Boynton State Bank v. Wallbaum* (1988), 123 Ill. 2d 429, 435-36, 528 N.E.2d 640, 643, that the law of future interests is confusing at best. Moreover, while there is an abundance of reported cases, no case is ever factually identical to the issue then before the court and, therefore, each case must be carefully examined. We have thoroughly reviewed those cases relied upon by the parties and conclude that the language in the instrument in this case describes a vested remainder.

Plaintiff urges that the payment of the mortgages before the division of the trust property is a condition precedent which makes the remainder interest contingent and subject to the rule against perpetuities. Because the mortgages may never be paid in full, the remainder interests violate the rule and are void. As authority, plaintiff cites *Johnson v. Preston* (1907), 226 Ill. 447, 80 N.E. 1001.

In *Johnson*, the testatrix devised certain real estate in the residue of her estate to her executor "to have and to hold for a space of 25 years from and after the date of the probate of this will." Thereafter, the property so held was devised to several of the testatrix' grandsons in fee simple. During the 25 years, each named beneficiary was to share in the use, benefit and enjoyment of the property, and each was allowed to live and work on the property. The court held that the executor's interest was subject to a condition precedent—probate of the will—and since the condition could not be said to conclusively happen within 21 years, the devise to the executor was void.

■ We find *Johnson* distinguishable from the instant case. Significantly, the estate of the executor in *Johnson* was subject to a condition precedent, thus making it a contingent interest. The executor himself in *Johnson* had to fulfill a condition—probating the will—before his interest arose. In the instant case, there is no condition that the plaintiff's four sons must fulfill or plaintiff's grandchildren or great grandchildren must *personally* fulfill before their interest arises. It is the trustee in the case before us who is directed and therefore has a duty to pay the mortgages on the trust corpus before dividing the corpus among the plaintiff's four sons after her death. We do not find *Johnson* persuasive authority for this case.

Plaintiff also urges *Smith v. Renne* (1943), 382 Ill. 26, 46 N.E.2d 587, is persuasive authority for this case. In *Smith*, the testatrix devised the remainder of her estate to her trustees "to be held for a period of five years or until such time as in their opinion it could be sold to the best advantage." The heirs at law in *Smith* claimed the

provision violated the rule against perpetuities and, therefore, the property passed to them by intestacy. The court held where there is a general direction to trustees to sell, without fixing a time of sale, it is their duty to sell the property within a reasonable time and they can be compelled to do so by a court of equity. Since the courts hold a reasonable time is less than 21 years, the *Smith* court found no violation of the rule against perpetuities.

The court in *Smith* cited to the rule set out in *Johnson* that "[w]hen lives form no part of the postponed period the limit of time within which an estate must vest is twenty-one years." (*Smith*, 382 Ill. at 29, 46 N.E.2d at 589.) The *Smith* court noted that under the circumstances of that case, the rule did not apply, in large part because the ultimate takers of the property involved were charities. We find *Smith* factually distinct and the rule referred to inapplicable to the instant case because here there is no postponement of vesting, but only a postponement of enjoyment.

Plaintiff next argues that the language used to describe the remainders in this case also makes them contingent and, therefore, subject to the rule against perpetuities. Specifically, plaintiff contends that the remainderman cannot be ascertained until the death of the life tenants—plaintiff's four sons. Plaintiff cites *Trabue v. Gillham* (1951), 408 Ill. 508, 97 N.E.2d 341, in support of her argument. In *Trabue*, the remainder interest described as follows was found to be a contingent remainder:

> " 'At the death of the said ***, I devise the real estate herein given him for life, to his children and the descendants of any deceased child of his, in fee ***, the descendants *** to take the portion such deceased child would be entitled to if living.' " (*Trabue*, 408 Ill. 2d at 508, 97 N.E.2d at 341.)

The issue in *Trabue* concerned the meaning of the phrase "die leaving no issue," found in a later clause of the will. The court found that "die leaving no issue" evidenced the testator's intent that the remainderman be ascertained at the death of the life tenant. Thus, a condition precedent of surviving the life tenant was attached to the remainder interest. The court further supported its conclusion by looking specifically to the word "and" used by the testator in the above-quoted clause. The court stated:

> "The gift following the life estate is to the children *and* the descendants of any deceased child. The interest of the descendants is in terms given the same status as that of the children, and is to arise at the same moment the children's interest comes into existence." (Emphasis in original.) *Trabue*, 408 Ill.

at 512, 97 N.E.2d at 343.

The language used in the instant case is distinct from that used in *Trabue*. Here, the donors stated that after the life estate to each son, "the remainder to his children, the children of any deceased child to take the share their parent would have taken if living." In a later clause, the trust provides:

> "Should any of our children die leaving no child or children, or descendants of a child or children surviving, their share shall go, in equal shares, to their brothers, or the children thereof per stirpes."

Taken together, both clauses do not treat grandchildren and great-grandchildren equally. The great-grandchildren's interests arise when a grandchild dies, which death could occur before the death of a life tenant-child of the donors. In the present case, the class of the remainder beneficiaries is certain and ascertainable now, unlike in *Trabue*.

■ Similar language to that used in the instant case has been found to be a vested interest, subject to divestment during the life of a life tenant where a remainderman predeceases a life tenant. (*Warrington v. Chester* (1920), 294 Ill. 524, 526, 128 N.E. 549, 550 (" '[u]pon the re-marriage of my said wife *** I give *** to my children *** to be equally divided among them *** the issue of any child who may have then deceased taking the share to which such deceased child would be entitled to if living' "); *Murphy v. Westhoff* (1944), 386 Ill. 136, 139, 53 N.E.2d 931, 932 (" 'all *** real estate *** to my said wife for and during her life, with remainder to my children [named] in fee *** in the event of the death of one of them *** then to the survivors or survivor of them' "); *Fleshner v. Fleshner* (1941), 378 Ill. 536, 537, 39 N.E.2d 9, 10 (" '[A]ll of my property *** to my beloved wife *** for *** life. After the death of my wife *** to my beloved children [named] or the surviving heirs of their body, the residue of my estate' ").) The language in the instant case does not require the survival of remainder beneficiary until the death of the donors' children as a condition precedent but contemplates that a child of any one of the four sons of the donors may die before his parent. We find the language used in the instant case describes a vested remainder.

The trial court held that the sons of the plaintiff will take an equitable life estate at the death of the plaintiff and their descendants will take equitable remainders with the trustee retaining legal title to accomplish the payment of the mortgages. This conclusion is supported by the decision in *Scofield v. Olcott* (1887), 120 Ill. 362, 11 N.E. 351, where the court held:

"[I]f such payment or distribution appear to be postponed for the convenience of the fund or property, as where the future gift is postponed *** a direction to pay upon the decease of the legatee for life, or after payment of the debts, the gift in remainder vests at once, and will not be deferred until the period in question. But where the payment is deferred for reasons personal to the legatee, the gift will not vest till the appointed time. [Citations.]" *Scofield*, 120 Ill. at 373, 11 N.E. at 353.

The *Scofield* court also held:

"A devise to a person after the payment of debts and legacies is not contingent, until such debts and legacies are paid; such a devise confers an immediately vested interest; the words of apparent postponement are considered only as creating a charge. [Citations.]" *Scofield*, 120 Ill. at 376, 11 N.E. at 355.

■ The holding of *Scofield* was later reaffirmed in *Ducker v. Burnham* (1893), 146 Ill. 9, 34 N.E. 558, *Hawkins v. Bohling* (1897), 168 Ill. 214, 48 N.E. 94, and *Mettler v. Warner* (1910), 243 Ill. 600, 90 N.E.2d 1099. The *Ducker* court also noted that "[t]he law presumes, that words of postponement relate to the enjoyment of the remainder rather than to the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest." *Ducker*, 146 Ill. at 22-23, 34 N.E. at 561.

■ We find that the instrument before us does not clearly and manifestly evidence an intent to postpone the vesting of the estates until the payment of the mortgages. What is postponed is full enjoyment of the property.

Lastly, plaintiff contends that the quantum theory referred to by the trial court has little meaning in the context of this case. Specifically, plaintiff urges that the quantum principle means nothing more than size and the size of the trust corpus, 940 acres of farmland, is not affected by the payment of the mortgages because the income from the farmland is used to pay these mortgages. Further, when and if the mortgages are paid in full, the size of the corpus will always be the same—940 acres. Thus, according to the plaintiff, the quantum argument means nothing in this case. We cannot agree.

■ Plaintiff's quantum argument ignores the fact that the trust provides that after both conditions are met, the corpus *and accumulated income* are divided among the donors' children for life. While the number of acres of farmland remain the same, the value of the devise is increased due to the retirement of the mortgages thereon. Also, the devise of the trust property carries with it the income which the property produces and that income decreases over time because it

is used to pay the mortgages. Plaintiff focuses on the number of acres involved and ignores the value of the devise, a fact noted by the court in *Mettler* when ascertaining a testator's intent.

For the foregoing reasons, we agree with the trial court's findings and order that the trust is not violative of the rule against perpetuities. Therefore, the order of the trial court denying plaintiff's petition for declaratory judgment is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.